## BOHANAN v. NEBRASKA.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

Submitted April 12, 1886.—Decided April 19, 1886.

This court has jurisdiction to review a judgment of a State court convicting a person of a criminal offence, when the defendant sets up at the trial, specially, an immunity from a second trial for the same offence by reason of the Vth Amendment to the Constitution of the United States.

The court will not consider the merits of the question involved in a case, on a motion to dismiss unaccompanied by a motion to affirm.

This was a motion to dismiss. The motion was as follows:

"And now comes the defendant in error, and moves the court to dismiss the writ of error in this case for the reasons following, to wit:

"*First.* The court is without jurisdiction to review the judgment contained in the record, brought up in this cause, there being no Federal question therein presented.

"Wm. Leese,
Att'y-Gen'l of Nebraska,
*for Defendant in Error.*"

The grounds for the denial of jurisdiction were stated by the Attorney-General of Nebraska in the following language:

In February, 1882, Bohanan was indicted by the Grand Jury of Lancaster County, Nebraska, for killing one Cook, in said county. To the indictment Bohanan interposed a plea in abatement, asserting the illegality of the grand jury, presenting an issue of fact. The judge of the District Court denied the accused the right to try the issue raised.

On the trial of the cause in the District Court, Bohanan was convicted of murder in the second degree and sentenced to imprisonment for life, a motion for a new trial being filed and overruled. Bohanan filed his petition in error in the Supreme Court of the State, praying that said judgment and sentence might be set aside and a new trial granted. And the Supreme Court says:

"For the error in denying the prisoner a trial of the issue, taken on his plea in abatement the judgment must be reversed. The verdict set aside." *Bohanan* v. *The State*, 15th Nebraska, 215.

The venue was changed at Bohanan's request from Lancaster to Otoe County, in the same district, and on a second trial on the indictment (the plea in abatement being waived), the jury of Otoe County found him guilty of murder in the first degree, and he was by the court sentenced to death. It nowhere appears from the record in this case, either in the application for a change of venue, or in the objections to the admissibility of evidence, to the charge of the court as given, or to the refusal to charge as requested, or in the motion for a new trial, the assignment of errors in the Supreme Court of the State, or, in the opinion filed in that court, that any Federal question was presented for consideration, or in any way relied on before the final judgment from which the writ of error has been taken. Such being the case, this tribunal cannot take jurisdiction.

After the petition of error was filed in the Supreme Court of the State, the plaintiff in error obtained leave to file the following additional assignment of error:

"That the said court erred in putting the said defendant twice in jeopardy for the same offence, in violation of, and in disregard of Article V. of the Amendments to the Constitution of the U. S.," which provides:

"Nor shall any person be subject for the same offence, to be twice put in jeopardy of life or limb."

*Mr. William Leese,* Attorney-General of Nebraska, for the motion. *Mr. J. B. Strode, Mr. J. C. Watson,* and *Mr. W. R. Kelley* were with him on the brief.

*Mr. Charles O. Whedon,* opposing. *Mr. Charles E. Magoon* and *Mr. O. P. Mason* were with him on the brief.

Mr. Chief Justice Waite delivered the opinion of the court.

This motion is denied. Bohanan set up specially an immunity from a second trial for the same offence, by reason of Article V. of the amendments of the Constitution of the United States. This was denied him by the judgment of the Supreme Court of the State, and we have jurisdiction to review that decision. Upon a motion to dismiss we cannot consider the merits of the question on which our jurisdiction depends, and no motion has been made to affirm.

*Motion denied.*