## KEERL *v.* STATE OF MONTANA.

### ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 113. Argued March 15, 1909.—Decided April 5, 1909.

Where the accused during the trial specifically claims that the action of the state court in denying his plea of once in jeopardy operated · to deprive him of his liberty without due process of law contrary to the Fourteenth Amendment, this court has jurisdiction under § 709, Rev. Stat., to review the judgment.

Where a state court has the right to discharge the jury if it satisfactorily appear after a reasonable time that a disagreement is probable, and the state court so finds after the jury has been out for twenty-four hours, and discharges the jury, the result is a mistrial and the accused cannot on a subsequent trial interpose the plea of once in jeopardy by reason thereof, *United States* v. *Perez*, 9 Wheat. 579; and so *held* in regard to a trial in Montana where the jury had been discharged under § 2125, Penal Code of that State.

*Quære*, and not decided, whether the due process provision of the Fourteenth Amendment in itself forbids a State from putting one of its citizens in second jeopardy.

33 Montana, 501, affirmed.

ON April 24, 1902, an information was filed in the District

Court of Lewis and Clark County, Montana, charging the defendant, now plaintiff in error, with the crime of murder. Upon a trial he was found guilty of murder in the second degree and sentenced to imprisonment for life. The judgment was reversed by the Supreme Court and a new trial ordered. 29 Montana, 508. The record recites that on the second trial the jury retired for deliberation on July 12, 1904, and that on July 14, 1904, they returned into court, "whereupon it satisfactorily appearing to the court that there is a reasonable probability that the jury cannot agree the court ordered the jury discharged from the further consideration of this cause," and remanded the defendant to the custody of the sheriff. On the third trial the defendant interposed a plea of once in jeopardy, on the ground that the jury was improperly discharged at the end of the second trial. The Montana statute provides:

"Except as provided in the last section [a section respecting sickness or accident] the jury cannot be discharged after the cause is submitted to them until they have agreed upon their verdict, and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless at the expiration of such time as the court may deem proper, it satisfactorily appears that there is reasonable probability that the jury cannot agree." Section 2125, Penal Code; vol. 2, Montana Codes, p. 1061.

The court overruled the plea, and, as a result of the trial, the defendant was found guilty of manslaughter and sentenced to imprisonment for the term of ten years. This judgment was sustained by the Supreme Court. 33 Montana, 501. Thereupon the case was brought here on writ of error.

*Mr. Thomas J. Walsh,* with whom *Mr. Cornelius B. Nolan* was on the brief, for plaintiff in error.

*Mr. W. H. Poorman,* with whom *Mr. Albert J. Galen,* Attorney General of the State of Montana, and *Mr. E. M. Hall* were on the brief, for defendant in error.

MR. JUSTICE BREWER delivered the opinion of the court.

The defendant during the trial having specifically claimed that the action of the court in denying him the benefit of the plea of once in jeopardy operated to deprive him of his liberty without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States, our jurisdiction of the writ of error cannot be questioned. *Beer Co.* v. *Massachusetts,* 97 U. S. 25–30; *Bohanan* v. *Nebraska,* 118 U. S. 231; *Boyd* v. *Thayer,* 143 U. S. 135–161.

On the merits, there is little room for controversy. In *United States* v. *Perez,* 9 Wheat. 579, 580, this court passed upon the question arising under the Fifth Amendment, whose language is in this respect more specific than that in the Fourteenth Amendment, the former applying to the courts of the United States, the latter to the action of the State, and it was held:

"We think that in all cases of this nature the law has invested courts of justice with the authority to discharge a jury from giving any verdict whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and, in capital cases especially, courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner. But, after all, they have the right to order the discharge; and the security which the public have for the faithful, sound and conscientious exercise of this discretion rests, in this as in other cases, upon the responsibility of the judges, under their oaths of office. We are aware that there is some diversity of opinion and practice on this subject in the American courts; but after weighing the question with due deliberation, we are of opinion that such a discharge constitutes no bar to further

proceedings, and gives no right of exemption to the prisoner from being again put upon trial."

This has been the settled law of the Federal courts ever since that time. *Logan* v. *United States*, 144 U. S. 263, 297; *Thompson* v. *United States*, 155 U. S. 271, 274; *Dreyer* v. *Illinois*, 187 U. S. 71, 85.

Those decisions dispose of the question here presented, without considering whether the Fourteenth Amendment in itself forbids a State from putting one of its citizens in second jeopardy, a question which, as it is unnecessary, we do not decide. The record shows that the jury were kept out at least twenty-four hours, and probably more, and the trial court found that there was a reasonable probability that the jury could not agree. This is the only Federal question, and, finding no error therein, the judgment of the Supreme Court of Montana is

*Affirmed.*