**In re IDEAL UPHOLSTERING CO., Inc.**

District Court, D. Massachusetts. November 2, 1928.

No. 39071.

Abraham C. Lurie, of Boston, Mass., for creditor.

Samuel J. Freedman, of Boston, Mass., for bankrupt.

BREWSTER, District Judge. In the course of the administration of the above estate, Albert Freedman filed a petition praying that the trustee pay over to him $604, the proceeds of certain accounts receivable which had been assigned by the bankrupt to Freedman prior to the filing of the petition in bankruptcy. The referee denied the petition.

In his certificate it appears that on July 21, 1927, Freedman loaned to the bankrupt $2,000, taking as security for the loan accounts receivable of the face value of $2,650. The assigned accounts were all outstanding at the time of the assignment, but no notices of the assignment were given to the debtors until after the bankruptcy proceedings had begun. The assignee agreed when the loan was made that he would not notify the debtors. Up to the time of the bankruptcy the original checks received by the bankrupt in payment of the assigned accounts were turned over to the assignee, Freedman. The bankrupt was never appointed agent for Freedman for the purpose of making the collections.

The trustee has in his hands $604, the proceeds of the assigned accounts received since the commencement of these proceedings. The ultimate question presented is whether the trustee acquired any right, title, or interest in and to the assigned accounts remaining unpaid.

If, at the time the bankruptcy proceedings were instituted, the bankrupt had parted with all its rights in the accounts, nothing passed to the trustee. The facts hardly warrant the trustee's contention that the assignor at all times exercised dominion over the accounts. While the proceeds of the accounts were paid by the debtors to the bankrupt, it retained none of these proceeds; the original checks being indorsed over to the assignee. The only ground upon which the referee's order can be supported is that the title to the assigned accounts did not completely vest in the assignee until notice to the debtors.

There is to be found in a recent opinion of the Supreme Court language which seems to effectually dispose of this controversy. It is true that the court was dealing with the rights of successive assignees of a chose in action, but the principal enunciated is applicable here. In Salem Trust Co. v. Manufacturers' Finance Co. et al., 264 U. S. 182 at 197, 44 S. Ct. 266, 270 (68 L. Ed. 628, 31 A. L. R. 867), the court has this to say:

"There is no decision of this Court which sustains the contention that, as between successive assignees of the same chose in action, mere priority of notice gives priority of right. It seems to us that the better reasons are against such a rule. By the first assignment, the rights of the assignor pass to the assignee. The creditor has a right to dispose of his own property as he chooses and to require the debt to be paid as he directs, without the assent of the debtor. See Story, Equity Jurisprudence, 11th Ed. § 1057. Notice of the assignment to the debtor adds nothing to the right or title transferred. A subsequent assignee takes nothing by his assignment, because the assignor has nothing to give. See Judson v. Corcoran, supra [17 How. 612, 614, 15 L. Ed. 231]. If, after assignment, the assignor receives payment from

the debtor, he is liable to the assignee. Failure of the first assignee to give notice does not divest him of any title or right or vest any claim in a subsequent purchaser."

In that case it was intimated that facts and circumstances might exist which would create an equitable estoppel against the assignee who failed to notify, but in the case presented under the referee's certificate there is no room for the application of this doctrine. Compare Beacon Trust Co. v. Dolan (C. C. A.) 27 F.(2d) 247.

The trustee having no right to the proceeds of the assigned accounts, an order should be entered directing him to pay over to the petitioner according to his petition.

The referee's order is vacated, and an order may be entered directing the trustee to pay to the petitioner $604.