### WILSON et al. v. DUNCAN.
### No. 6407.

Circuit Court of Appeals, Fifth Circuit.

Oct. 28, 1932.

A. B. Conger, of Bainbridge, Ga., for appellants.

A. F. Whiting, of Montgomery, Ala., and I. J. McCall and C. A. Avriett, both of Jasper, Fla., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment awarding to appellee title and possession of a fund which appellant Wilson, prior to his bankruptcy, had assigned to appellant Conger. Appellee obtained his judgment by successfully maintaining in the court below that though Conger's assignment was prior in time to his, and would therefore have been stronger in right if Conger had given prior notice of it to the holder of the fund, his failure to do so without more has operated to subordinate it to the rights of the later involuntary assignee, the trustee.

This appeal presents the single question, is notice to the holder or debtor of a fund or account an element in the vesting of title in an assignee to it, or, putting it differently, as between successive assignees of the same fund or account, does prior notice of the later assignment, without more, subordinate the rights of the earlier to those of the later assignee?

From the failure of the briefs to cite the case, it is apparent that the attention of the trial court was not called to the fact that this precise question has been authoritatively answered in the negative in Salem Trust Company v. Manufacturers' Finance Company, 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867. The decision in that case has dispelled the confusion and doubt as to what was or ought to be the rule of the federal courts governing situations of this kind. It established, first, that the question is one of general law to be decided by the federal court uncontrolled by state court decisions; and, second, that the true rule is that notice is not, it cannot be, an element in the acquisition of title to a chose in action or fund. An assignment of an entire fund, ex proprio vigore, passes the rights of the assignor to the assignee. A subsequent assignee, therefore in the absence of facts and circumstances which may create an equitable estoppel against the first assignee, takes nothing by his assignment, for the simple reason that the assignor has nothing to assign. While failure to give notice may create or permit the creation of a situation from which an equitable estoppel against the first assignee may arise, as between successive assignees of the same chose in action mere priority of notice has no effect whatever in determining priority of right.

Of course an involuntary assignee, like a trustee in bankruptcy, occupies no better

position than a voluntary assignee, for all obligations of a legal and equitable nature, except those expressly affected by the terms of the act, remain undisturbed by bankruptcy. Hurley v. Atchison, Topeka & Santa Fe R. Co., 213 U. S. 135, 29 S. Ct. 466, 53 L. Ed. 729; Beacon Trust Co. v. Dolan (C. C. A.) 27 F.(2d) 247; In re Ideal Upholstering Co. (D. C.) 28 F.(2d) 791.

If, as seems to be assumed, appellant Conger's assignment was a valid one, thereafter Wilson had neither title to nor right in the fund which he could assign, either voluntarily or involuntarily.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.