**Bobby Jean McKISSICK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25555.**

United States Court of Appeals
Fifth Circuit.

July 1, 1968.

Rehearing Denied Aug. 2, 1968.

---

4. § 1374(a) & (b).

5. § 1374(c) (2).

343

L. H. Walden, Robert E. Coburn, Jr., Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Jack B. Patterson, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

MEHRTENS, District Judge:

This is an appeal from an order placing into force and effect the judgment of guilty heretofore entered against the appellant, McKissick.

After a hearing pursuant to this Court's mandate conditionally suspend-ing execution of the judgment for reasons set forth in the first opinion [McKissick v. United States, 379 F.2d 754 (C.A. 5, 1967)], the District Court found that:

(1) McKissick did tell his attorney that he had perjured himself while testifying at the first trial, and also attempted to enlist his attorneys' aid in presenting additional perjured testimony.

(2) McKissick did not authorize his attorneys to report his perjury and actions to the Court or to move for a mistrial. The attorneys, however; in the discharge of their professional, ethical and public duty were obligated to make such disclosure to the Court, and thereafter there was no alternative left to the Court except to declare a mistrial.

(3) McKissick was absent from chambers when the disclosure of perjury was made to the District Judge.

(4) It was clear beyond a reasonable doubt that McKissick was not injured by such absence; that McKissick's attorneys, in moving for a mistrial, were not acting adversely to his interest since a free and fair trial could not thereafter be had and it was necessary that the trial be stopped. The attorneys, after finding themselves and their client in an intolerable situation, were doing the best they could to protect themselves, the integrity of the Court, the public and the interests of their client. McKissick was in fact benefited, not harmed by such action.

These findings are amply supported by the record.

In the first McKissick opinion, the Court stated that "the jury could not without McKissick's consent be discharged except in a case of manifest justification or necessity; * * *" Id, at page 760, and that "[I]f the appellant told his attorney he had committed perjury, the court, when it became aware of what appellant had said, did not abuse its discretion by. finding this a case of manifest justification or necessity." Id, at 761. Since appellant told his attorney he had committed perjury, and requested

aid in presenting additional perjured testimony, there was both manifest justification and necessity for the Court to order a mistrial. A mistrial could and should have been declared *sua sponte,* without McKissick's consent and even though he objected. A defendant's right to have his trial by a particular tribunal must in such instances be subordinated to the public's interest in fair trials designed to end in just judgments. Wade v. Hunter, 336 U.S. 684, at 688, 69 S.Ct. 834, 93 L.Ed. 974 (1949); cited in McKissick v. United States, supra, 379 F.2d at 761.

■ As found by the District Judge, this is a case in which, because of the defendant's misconduct, a free and fair trial could not be had; and in order to attain substantial justice it was necessary that the trial be stopped. A continuation of the trial would have resulted in injury to McKissick. The mistrial inured to his benefit. "[T]he appellant had no constitutional right, overriding the public interest, to have his case determined by a tribunal whose processes he had himself thus frustrated and abused." Ibid.

■ The Court's action in declaring a mistrial and the order appealed from are in complete accord with the rule announced by this Court in Sanford v. Robbins, 115 F.2d 435 (5th Cir. 1940), cert. denied 312 U.S. 697, 61 S.Ct. 737, 85 L.Ed. 1132, that where a free and fair trial cannot be had, a mistrial should be declared by the Court even over the objections of the defendant and the Constitution will not prevent another and better trial. That rule was re-affirmed in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961), where the Court stated:

> Since 1824 it has been settled law in this Court that "The double-jeopardy provision of the Fifth Amendment * * * does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." Wade v. Hunter, 336 U.S. 684, 688 [, 69 S.Ct. 834, 93 L.Ed. 974.] United States v. Perez, 9 Wheat. 579 [, 6 L.Ed. 165;] Thompson v. United States, 155 U.S. 271 [, 15 S.Ct. 73, 39 L.Ed. 146;] Keerl v. State of Montana, 213 U.S. 135, 137–138 [, 29 S.Ct. 469, 470, 53 L.Ed. 734;] see Ex parte Lange, 18 Wall. 163, 173–174 [, 21 L. Ed. 872,] Green v. United States, 355 U.S. 184, 188 [, 78 S.Ct. 221, 223, 2 L. Ed.2d 199.] Where, for reasons deemed compelling by the trial judge, who is best situated to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objection, and he may be retried consistently with the Fifth Amendment. Simmons v. United States, 142 U.S. 148 [; 12 S.Ct. 171, 35 L.Ed. 968;] Logan v. United States, 144 U.S. 263 [, 12 S.Ct. 617, 36 L.Ed. 429;] Dreyer v. [People of State of] Illinois, 187 U.S. 71, 85–86 [, 23 S.Ct. 28, 32–33, 47 L.Ed. 79.]

The trial judge in the sound exercise of his discretion, out of solicitude for and in the interest of the defendant, decided that the ends of substantial justice could not be attained without discontinuing the trial and so declared a mistrial. In so doing the Court did not abuse its discretion, and committed no error.

The Judgment is affirmed.

## ON PETITION FOR REHEARING EN BANC

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.