McCORD, Judge.
Barnett pleaded nolo contendere to a charge of obtaining a controlled substance by fraud, reserving his right to appeal and to urge that the trial court erroneously denied his motion to dismiss, which was based upon Barnett’s assertion that a retrial would violate double jeopardy. We affirm.
Barnett’s initial trial was terminated, at the state’s request, by a mistrial following an outburst made by Barnett in the presence of the jury. Barnett’s outburst related to exculpatory matters allegedly told to a witness by a third party. In his order granting the mistrial, the trial court found that the remarks were no prejudicial to the state’s case that a fair trial would be impossible and a curative instruction would be ineffective. In his motion to dismiss, Barnett contended that there was no manifest necessity to justify the granting of the mistrial over his objection.
In our view, the motion to dismiss was properly denied. Barnett’s remarks were improper and prejudicial. The remarks attributed to the third party, to the effect that Barnett had not committed the offense, were clearly inadmissible hearsay, Baker v. State, 336 So.2d 364, 367 at fn. 2 (Fla.1976), which the state could not, within the rules of evidence or procedure, rebut. Although the defendant has a valued right to have his trial completed by a particular tribunal, such right is subordinated to the public’s interest in fair trials designed to end in just judgment; thus, the double jeopardy protection does not preclude a second trial when the initial trial is discontinued under circumstances manifesting a necessity for so doing, and when the failure to discontinue would defeat the ends of justice. Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). As recognized in State ex reí. Dato v. Himes, 134 Fla. 675,184 So. 244, 247 (1938), one circumstance for entering a mistrial with the right preserved for a second trial is “where the prisoner by his own misconduct places it out of the power of the jury to investigate his case correctly, thereby obtaining an unfair advantage of the state . . Under the circumstances of this case, we find that the trial court properly exercised his discretion in determining that there was a manifest necessity to declare a mistrial. Accordingly, the judgment and sentence are affirmed.
BOOTH and SHAW, JJ., concur.