COPE, J.
Tyrone Salter petitions for a writ of prohibition, seeking to prevent his retrial after the court declared a mistrial on the ground of manifest necessity. We entirely agree with Judge Leslie Rothenberg’s ruling and deny the petition.
The State prosecuted defendant-petitioner Salter on the charge of possession of a firearm by violent career criminal. While the jury was deliberating, the principal defense witness recanted her testimony. She testified that the defendant had asked her to lie for him and had promised her money. She said that the defendant’s brother also asked her to lie for the defendant, and defendant’s friends threatened her with harm if she did not do so.
While the trial court was considering what to do, the jury sent out a note that it had reached a verdict. The trial court directed that the verdict be sealed,* and granted a mistrial on the basis of manifest necessity. The State intends to retry defendant.
The defendant moved to dismiss the charge on Double Jeopardy grounds. The trial court denied the motion, and defendant has filed this petition for writ of prohibition.
We deny the petition on authority of a similar case, McKissick v. United States, 398 F.2d 342 (5th Cir.1968). In that case it came to light during the trial that the defendant had given perjured testimony. The Fifth Circuit held that there was a manifest necessity for a mistrial. “The appellant had no constitutional right, overriding the public interest, to have his case determined by a tribunal whose processes he had himself thus frustrated and abused.” Id. at 344 (internal quotation marks and citation omitted); see also Walsh v. State, 418 So.2d 1000, 1002-03 (Fla.1982) (mistrial upheld on the basis of manifest necessity where defendant violated an order in limine and testified that he had passed a lie detector test). See generally Quinones v. State, 766 So.2d 1165 (Fla. 3d DCA 2000); Clark v. State, 756 So.2d 244 (Fla. 5th DCA 2000); Barnett v. State, 382 So.2d 412 (Fla. 1st DCA 1980).
*169 The defendant relies on State ex rel. Wilson v. Lewis, 55 So.2d 118 (Fla.1951), and State ex rel. Alcala v. Grayson, 156 Fla. 435, 23 So.2d 484 (1945), but those cases are not on point. In both of those cases the trial court granted a mistrial on the basis of a bare suspicion by the court that there had been perjury. Those cases do not rise to the level involved in the present case.
Petition denied.

 The jury was polled by asking if each juror acceded to the written verdict, without stating what the verdict was.