STATE ex rel. MEADOR et al., Relators, v. WIL-
LIAMS, etc., et al., Respondents.

**St. Louis Court of Appeals, January 2, 1906.**

1. **CRIMINAL PRACTICE: Jeopardy.** In a prosecution for gam-
bling the jury was impaneled and sworn, the defendants were
put upon trial and some evidence taken on behalf of the State
when the trial was stopped and, at the instance of the prose-
cuting attorney, the jury was discharged and the cause con-
tinued on the ground of absent witnesses, the defendants were
thereby put in jeopardy and were entitled to be discharged
on a motion.

2. ———: ———: **Prohibition.** Such defendants on a subsequent
trial had a remedy by pleading the jeopardy in bar and, in case
of adverse ruling, by appeal, and prohibition could not issue
from the Court of Appeals to prevent further proceeding
against them in trial court.

Original Proceeding, Prohibition.

WRIT DENIED.

GOODE, J.—An order was issued by one of the
Judges of this court directed to the Honorable Joseph J.
Williams, Judge of the Twenty-First judicial circuit of
the State, and Almon Ing, Prosecuting Attorney of
Wayne county, commanding the respondents to appear
before this court in term time, to-wit, December 12, 1905,
at 10:30 a. m. and show cause why a writ of prohibition
should not issue, restraining further proceedings against
relators in a criminal case pending in the circuit court
of said county. It appears from the allegations of the
petition for the writ, that at the February term, 1905,
of the Wayne Circuit Court, relators had been indicted
for gambling with dice and at the August term ensuing,
were arraigned on said charge and pleaded not guilty.
The cause came on for trial and both the State and
relators announced ready. Thereupon a jury of twelve

good and lawful men from the body of the county, was impaneled, qualified and sworn to try the issues and render a true verdict, according to the law and the evidence. Afterwards, the trial proceeded before the jury until the prosecuting attorney of the county, representing the State of Missouri, had put on the stand and examined four witnesses. At the conclusion of the testimony of these witnesses, the prosecuting attorney by leave of court, stopped the trial and withdrew the submission of the cause from the consideration of the jury. This action was taken because of the absence of a witness for the State on whose testimony the indictment had been found and who had failed to attend the trial although subpoenaed. The cessation of the trial and the withdrawal of the submission of the cause from the jury, were not made necessary either by the sickness or other disability of any juror, or of the judge of the court, and were done against the objection and over the protest of the defendants, who saved an exception at the time. Afterwards, during the same terms of the court, and on the 14th day of August, relators filed in said circuit court, a motion for their discharge from further proceedings under the indictment against them, on the ground that they had been put in jeopardy by a trial in which they might have been legally convicted and punished. On the 21st day of August, the prosecuting attorney filed an application for a continuance of the cause to the next regular term of the court because of the absence of the aforesaid witness. This application the court sustained and continued the cause until the February term, 1906, to which ruling the relators, as defendants in said criminal case, excepted. The purpose of this proceeding is to prohibit the circuit court of Wayne county and the prosecuting attorney from going further in the prosecution of relators on the charge of gambling. The petition filed here fails to state what ruling was made on the motion of relators for their discharge; but a duly certified copy of the record of the

proceedings in the gambling case which is attached to the petition herein in support of its averments, shows the motion was overruled. The transcript shows too that all of the allegations in the petition are true, as above recited. Beyond doubt relators were entitled to be discharged on their motion. They were put in jeopardy when the jury was impaneled and sworn, as the indictment was good and the circuit court had jurisdiction of the offense. [State v. Snyder, 98 Mo. 555, 12 S. W. 369; State v. Wiseback, 139 Mo. 214, 40 S. W. 946; Ex parte Snyder, 29 Mo. App. 256; Cooley on Const. Lim. (7 Ed.), 467.] The elementary work just cited states the law on the point in question as follows:

"A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged, when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution; and he cannot be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will, or by a discharge of the jury and continuance of the cause."

The doctrine of that text is supported by numerous citations and has been directly approved by the courts of this State. [Ex parte Snyder and State v. Snyder, supra.] Any judgment or conviction which may be entered against defendants on the indictment on which they were formerly brought to trial, would not be permitted to stand and none ought to be entered. Relators should be discharged as soon as the circuit court convenes. Nevertheless, it is our opinion that prohibition will not lie to restrain further proceedings against them. As said above, the circuit court of Wayne county has jurisdiction of the particular cause and jurisdiction of its subject-matter. To proceed further against defendants would be exercising its jurisdiction in a palpably

erroneous way, it is true, but except in very rare instances, a writ of prohibition will not be granted to prevent the commission of error by an inferior court, no matter how flagrant it will be or how grossly opposed to the well-settled principles of law. The exceptions to this rule are allowed when no other remedy exists competent to cope with the exigencies of the case; as where a defendant was sentenced to be hung for an offense not capital and no right of appeal or writ of error existed. [State v. Ridgell, 2 Bailey L. (S. C.) 560; Ex parte Brown, Id. 323.] In the opinion in the case first cited, certain extraordinary instances in which the English courts prevented by prohibition the commission of gross errors by lower courts, are cited. The Supreme Court of South Carolina in a subsequent case, refused to prohibit the execution of a defendant sentenced to death for an offense not capital because, since the decision in State v. Ridgell, a statute had been enacted giving the right of appeal from such a conviction. The decisions of the Supreme Court of this State have been liberal in allowing the writ of prohibition; but in its opinions marking out the limits within which the remedy lies, the court has declared it is appropriate only when the lower court is without jurisdiction or is assuming to act in excess of its jurisdiction. [Morris v. Lenox, 8 Mo. 252; State ex rel. v. Court of Appeals, 97 Mo. 276, 10 S. W. 874; Id. v. Railway Co., 100 Mo. 59, 13 S. W. 398; Id. v. Aloe, 152 Mo. 466, 54 S. W. 494; Id. v. Wood, 155 Mo. 425, 56 S. W. 474; Id. v. Talty, 166 Mo. 529, 66 S. W. 361.] In some instances where the writ was awarded, it is a close question if the lower court was not within its jurisdiction and merely on the eve of committing an irremediable error. [St. Louis, K. & S. Ry. Co. v. Wear, 135 Mo. 230, 36 S. W. 357, 658; State v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961.] But the principle that prohibition only lies to restrain action by a court beyond its jurisdiction, has always been recognized as sound. The former jeopardy of these

relators is a good plea in bar to the further prosecution of the case against them; and indeed, as said, they were entitled to their discharge on the motion filed. If a new conviction ensues, they have a remedy by appeal or writ of error; though doubtless they might be subjected to some injustice before their case could be heard by a court of last resort. But that result is incident to every erroneous judgment. The rule is that the remedy for error in overruling a plea of former adjudication is by appeal and not by prohibition. [State ex rel. v. Withrow, 108 Mo. 1; State ex rel. v. Lubke, 29 Mo. App. 555.] And it has been decided that if a tribunal of inferior jurisdiction denies the defendant in a prosecution under a city ordinance, the right of trial by jury, prohibition will not issue to prevent such tribunal from proceeding in the cause; for the refusal of the jury is an error which can be corrected on appeal, and not an act in excess of jurisdiction so as to be controlled by prohibition. [Delaney v. Police Court, 167 Mo. 677, 679. See also, Powelson v. Lockwood, 82 Cal. 613.] In other cases, it was decided that though a defendant had been put on trial and acquitted by a jury, prohibition would not issue to prevent his being tried a second time when the inferior court possessed jurisdiction of the cause. [U. S. v. Maney, 61 Fed. Rep. 140; State ex rel. v. Evans, 88 Wis. 255; State v. Braun, 31 Wis. 600.]

We conclude that the writ should be denied, though some of the Missouri cases raise a doubt in our minds regarding the matter. We think the act sought to be restrained is not in excess of the circuit court's jurisdiction; but if done, it would be an extremely erroneous denial of the relators' legal rights. *Bland, P. J.,* and *Nortoni, J.,* concur.