## R. L. DANIELS v. STATE.

No. A-8571.  Aug. 4, 1933.
Rehearing Denied Feb. 27, 1934.

See, also, 54 Okla. Cr. 125, 15 Pac. (2d) 148.

T. J. Hinshaw and Jack W. Page, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was tried and convicted of robbery with firearms and was sentenced to serve five years in the state penitentiary at hard labor, and appeals.

The transcript discloses that on the 13th day of April, 1933, the case was called for trial and jurors were called into the box, sworn and examined on their voir dire; and, when there were twelve jurors in the box who answered the preliminary questions, the court advised the county attorney that it was the state's first challenge. The county attorney announced that the state waived its first peremptory challenge; the court then advised the defendant that it was his first challenge, and the defendant also waived his first peremptory challenge. The court ordered the jury sworn to try the case. When the jury was sworn, the county attorney stated to the court that he did not intend to waive all of the state's peremptory challenges and asked that the state be permitted to exercise a challenge to certain jurors then in the box. The court granted the state permission, and without objections on behalf of the defendant, the state challenged one juror and the defendant withdrew his waiver of challenge of juror No. 1 and challenged one juror. The state then exercised its second challenge, and the defendant exercised his second challenge; no objections being made by the defendant to the proceedings had by the court. The defendant, after the state and the defendant had exercised two challenges each, filed a motion to discharge the jury on the ground that the defendant had been in jeopardy from the time the twelve men were originally sworn as jurors to try the case, which motion was overruled by the court, and the defendant reserved an exception. The court, in overruling the motion, said:

"Frankly, gentlemen, I was of the opinion that the jury was acceptable to the parties at the conclusion of the waiver, but, under the showing made by the county attorney, in the furtherance of justice and that the state should not suffer, I permitted a withdrawal of the waiver of the state and the defendant. Upon doing so, offered

the state and the defendant each their right to exercise their statutory challenges."

The only question in this case is the question, Had the defendant been in former jeopardy, and, if so, did he by his failing to object when the court permitted the state to exercise peremptory challenges and the defendant when he exercised peremptory challenges waive former jeopardy? Under the statutes of Oklahoma, a defendant is not in legal jeopardy until put upon trial by a court of competent jurisdiction under an information or indictment sufficient in form and substance to sustain a conviction and a jury has been impaneled and sworn. It is not disputed by the state that, when a jury has been regularly impaneled and sworn in a court of competent jurisdiction upon an information sufficient to sustain a conviction, the defendant is in jeopardy. In this case the jury had been impaneled and sworn; both the defendant and the state had waived the first peremptory challenge, and the court ordered the jury sworn, there being nothing further for the court to do but to order the jury sworn, as it would readily be seen, where twelve men had been examined and none of them excused by the state or the defense, no other jurors could be called and questioned. It is therefore the opinion of this court that the jury was regularly impaneled and sworn, and that, when the jury was sworn, the defendant was in jeopardy.

The transcript further discloses that after the jury was sworn the county attorney advised the court that it was not his intention to waive all of his peremptory challenges, and the court, upon that statement, permitted the state to exercise a peremptory challenge. When the statement was made by the county attorney that he did not desire to waive his peremptory challenges and the court permitted him to exercise a challenge, the defendant did not

object to the court granting the request of the county attorney and made no protest and did not urge that he was then in jeopardy and object to any further proceedings as to the challenging of jurors or the calling of additional jurors to try him. The defendant went further without objecting and exercised the right of peremptory challenges of jurors and did not raise the objection that he had been in jeopardy until both the state and the defendant had exercised two challenges each. The court holds that, when the county attorney asked permission of the court, after the jury was sworn, to exercise peremptory challenges, and the defendant made no objections and then exercised peremptory challenges himself, he waived his right to claim former jeopardy, if any he had. Allen v. State, 13 Okla. Cr. 533, 165 Pac. 745, L. R. A. 1917E, 1085; Loyd v. State, 6 Okla. Cr. 76, 116 Pac. 959; White v. State, 23 Okla. Cr. 198, 214 Pac. 202.

We hold that the defendant's objection came too late. From all intents and purposes, the proceeding from the time the court granted the state permission to exercise peremptory challenges after the jury was impaneled was a new trial. If the accused sits idly by or announces ready for trial with the full knowledge that he has not been accorded some constitutional privilege, the right to claim it will be deemed to have been waived. He cannot later shift his position and reclaim that right. Where a constitutional right is for the sole benefit of the accused in the nature of a privilege, that right may be waived by express consent or by conduct indicative of consent, or by a failure to claim or assert the right in seasonable time. State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091.

Applying this test, the defendant's right to claim former jeopardy was waived.

EDWARDS, P. J., and CHAPPELL, J., concur.