### PRATT v. UNITED STATES.
#### No. 7176.

United States Court of Appeals for the District of Columbia.

Decided Feb. 20, 1939.

James J. Laughlin, of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Charles B. Murray, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

Appellant, Phillip John Pratt, brings this appeal from a judgment entered in the District Court of the United States for the District of Columbia on May 26, 1938, sentencing him to the penitentiary for a period of two to four years.

Appellant was indicted for the crime of robbery and entered a plea of guilty on March 17, 1937. Sentence was not then imposed. On April 1, 1938, appellant filed a motion in arrest of judgment based upon the contention that the trial court had lost jurisdiction to impose sentence, which motion was granted; but, on the following day, the appellee's motion for rehearing on the motion in arrest of judgment was granted, and thereupon the court overruled the motion in arrest of judgment and sentenced appellant.

This appeal presents two questions for decision:

1. Did the District Court lose jurisdiction to impose sentence due to the long delay? 2. When the motion in arrest of judgment was granted was that a bar to further proceedings and does the doctrine of former jeopardy apply?

First. There is no merit in the contention that mere delay in imposing sentence during the term in which a conviction is had operates to defeat jurisdiction to sentence at a later term. In all criminal cases a sentence must be imposed to complete the steps of the prosecution. Until sentence is imposed there is no finality of judgment. The sentence is the judgment. Miller v. Aderhold, 288 U.S. 206, 210, 53 S.Ct. 325, 77 L.Ed. 702; Hill v. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283; Berman v. United States, 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204. There is an inherent power in courts to finish at a succeeding term business commenced at a previous term. Rachmil v. United States, 2 Cir., 288 F. 782, 785; Walker v. Moser, 8 Cir., 117 F. 230, 233. It is now settled that it is unnecessary for courts of general jurisdiction to impose sentence at the same term of court at which the verdict or plea of guilty was had, and that these courts have the power to continue the case to a subsequent term for sentence. Miller v. Aderhold, supra; Miner v. United States, 3 Cir., 244 F. 422, 3 A.L.R. 995; Musick v. United States, 3 Cir., 2 F.2d 711; Gillespie v. Walker, 4 Cir., 296 F. 330; 97 A.L.R. 806 note.

We are of the opinion that the case of Miller v. Aderhold, supra, completely controls in the disposition of the present case. In that case there was a plea of guilty, a suspended sentence and discharge from custody. About three and one-half years thereafter, another judge sentenced the defendant to four years imprisonment. The defendant contended that the order suspending the sentence was void and that with the expiration of the term, the trial court was without power to sentence him. The court stated that the greater number of cases supported the view of the defendant, but were of the opinion that the "weight of reason is the other way." It agreed that the suspension of sentence was void, but held emphatically that the trial court did not lose jurisdiction with the passing of the term, and stated:

"Moreover, since the suspension order is void, the accused is not bound to rest under the supposed hardship. He may at any time put an end to it by requesting the court to pronounce judgment, which the court no doubt would do unless good cause to the contrary were made to appear. In the absence of such request he must be held to have consented to the indefinite delay, and cannot complain. [Cases].

"In a criminal case final judgment means sentence; and a void order purporting permanently to suspend sentence is neither a final nor a valid judgment. [Cases.] If the suspension be for a fixed time, the case undoubtedly remains on the docket of the court until disposed of by final judgment. There is no good reason, in our opinion, why a different rule should obtain where the order of suspension, though expressly made permanent, is void. Such an order is a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence. [Cases.]

"The order here under review being ineffectual to confer immunity from punishment, the conclusion that such immunity existed must rest upon the bare fact that, without any saving provision, the term at which the accused was convicted but not sentenced had passed. But that

foundation for the conclusion at once vanishes in the face of the rule that where judgment has not been pronounced upon a verdict during the term at which it was rendered, the cause continues on the docket and necessarily passes over to a succeeding term for final judgment or other appropriate action. [Case.] We conclude, in accordance with what we regard as the better view, that in a criminal case, where verdict has been duly returned, the jurisdiction of the trial court, under circumstances such as are here disclosed, is not exhausted until sentence is pronounced, either at the same or a succeeding term. [Cases.]" [288 U.S. 206, 53 S.Ct. 326.]

In view of the fact that the suspended judgment in Miller v. Aderhold, supra, was, a nullity, the case stood as if no order had been entered, as in the present case, and that case is, therefore, decisive of our question.

It is further urged that Rule 1 of the criminal rules promulgated by the Supreme Court vitiated the power of the court to impose sentence. It is:

"I. Sentence.—After a plea of guilty, or a verdict of guilt by a jury or finding of guilt by the trial court where a jury is waived, and except as provided in the Act of March 4, 1925, c. 521, 43 Stat. 1259 (as amended 18 U.S.C.A. §§ 724–727) sentence shall be imposed without delay unless (1) a motion for the withdrawal of a plea of guilty, or in arrest of judgment or for a new trial, is pending, or the trial court is of opinion that there is reasonable ground for such a motion; or (2) the condition or character of the defendant, or other pertinent matters, should be investigated in the interest of justice before sentence is imposed. * * * ·

"Pending sentence, the court may commit the defendant or continue or increase the amount of bail." Tit. 28 U.S.C.A. following section 723a.

We do not think that this rule changed, or was intended to change, the substantive law relative to jurisdiction. There is no penalty attached by the rule. The rule was adopted for the purpose of expediting criminal cases after verdict. It was suggested in Berkowitz v. United States, 8 Cir., 90 F.2d 881, that the rule is not for the benefit of a defendant, but for the benefit of the government. We

think that it is equally important that the defendant have the benefit of the rule, and that upon his request, unless good cause to the contrary appears, the court should accommodate him by imposing sentence "without delay." Doubtless the Supreme Court in the promulgation of this procedural rule had the interest of the prisoner in mind, as well as the interest of society, but we think there was no purpose, intent, or power to change the substantive law relative to jurisdiction. Farnsworth v. Zerbst, 5 Cir., 98 F.2d 541, 543.

The record fails to disclose the reason actuating the district court in the delay in imposing sentence upon appellant. However, it is certain that the appellant had been convicted on another robbery charge, and that he was at the time of sentence in this case incarcerated for a period of 3 to 8 years by reason of the other conviction, the sentence in this case running concurrently with the former sentence. In the former case, an appeal was taken to this court. We affirmed the conviction[1] and denied rehearing, Tomlinson v. United States, 68 App.D.C. 106, 93 F. 2d 652, 114 A.L.R. 1315. Certiorari was denied by the Supreme Court,[2] and a subsequent motion to withhold the order denying the petition for writ of certiorari was also denied. Finally this court denied a motion to recall and stay our mandate on March 14, 1938. The motion in arrest of judgment in the present case was filed on April 1, 1938, and after due consideration, the district court imposed sentence on May 26, 1938.

The sufficiency of the indictment was challenged in the former appeal. It was substantially similar to the indictment in the present case. If held to be invalid, it certainly would affect the disposition of the present case. It may well be that the district court was of the opinion that it should await the outcome of the appeal in order that the prisoner would lose no rights and would not be compelled to protect his rights in an appeal of the second case. The issues decided by the appeal might have been considered by the court to be "pertinent matters [which] should be investigated in the interest of justice before sentence is imposed." As to this we express no opinion, for it is not necessary for us to consider, in any event, the prob-

1 65 W.L.R. 1158.

2 Feb. 28, 1938, 303 U.S. 642, 58 S.Ct. 645, 82 L.Ed. 1102.

abilities for delay, "In fact, we must assume, in the absence of anything in the record to the contrary, that the postponements were made for a lawful purpose in the orderly progress of the case." Miner v. United States, supra, at page 424.

■ Second. There is no merit in the contention that the order of the district court granting the motion in arrest of judgment could be availed of as a bar to further proceedings in the case. The order was vacated by the court, and the motion in arrest overruled, when it had full control of the case. Ex parte Lange, 18 Wall. 163, 21 L.Ed. 872. The effect of this was that the judgment was never arrested.

■ But it is urged that the allowance of a motion in arrest of judgment was equivalent to an acquittal by a court or jury, and hence a bar to further proceedings in the case. In our opinion, it does not so operate as an acquittal. The granting of a defendant's motion in arrest of judgment shows that error exists in the indictment, or has occurred in subsequent proceedings, and that in the interest of justice the error should be corrected. The motion may be aimed at a defective indictment, the granting of which leaves the defendant in the same position he occupied before indictment. State v. Stephenson, 69 Kan. 405, 76 P. 905, 105 Am.St. Rep. 171, 2 Ann.Cas. 841. In this event he could not be heard, thereafter, to say that the indictment was valid and that jeopardy had attached. Hill v. Nelms, 122 Ga. 572, 50 S.E. 344. Where the judgment is arrested on motion of the defendant, after verdict, it is held that the accused is not put in jeopardy by such trial and may be tried again upon the same indictment. Phillips v. People, 88 Ill. 160. Whenever the judgment of a court is arrested upon a defendant's motion "all proceedings subsequent to the error discovered should be set aside, and proceedings de novo had, beginning at the point where the first error was committed." Phillips v. People, supra, page 163. In the present case, the motion in arrest assigned no error in the indictment or proceedings prior to the plea of guilty. The ground assigned was a subsequent error—the delay of the court in imposing sentence. For the reasons heretofore stated, this was not error. But had the motion been finally sustained for such purported error, it would have availed defendant nothing. When the court retraced its steps to the "point where the first error was committed" it could not go behind the plea of guilty. Nothing remained for the court except imposition of sentence.

So, if the arrest of judgment on a defendant's own motion is not a bar in a subsequent trial upon the same indictment, or in a trial upon a new indictment, or does not go behind the point of error, for stronger reason, there is no bar in a case in which the order purporting to arrest judgment is vacated, the motion therefor overruled, and the defendant sentenced on the original plea of guilty. Thus we conclude that the order in the case purporting to arrest the judgment did not operate as an acquittal and that jeopardy did not attach thereby.

■ We are aided in reaching this conclusion by the reasons that support the well-established rule that when jeopardy has attached, if the defendant by his own act causes a verdict to be set aside, by that action he waives his constitutional protection against being "twice put in jeopardy." Having waived jeopardy, he may be tried again for the same offense. Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103; Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L. Ed. 114, 1 Ann.Cas. 655; Murphy v. Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711, affirming, 174 Mass. 369, 54 N.E. 860, 48 L.R.A. 393, 75 Am.St.Rep. 353; United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300. This is so even when he has served a part of the sentence imposed on him in the first conviction. Murphy v. Massachusetts, supra.

Appellant cites Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506, and State v. Norvell, 1820, 2 Yerg. 24, 10 Tenn. 24, 24 Am.Dec. 458, which we do not think are in point here. In the Norvell case there was an indictment for murder and a conviction of manslaughter. The court held that the manslaughter verdict was an acquittal of the charge of murder, which could be pleaded in bar to the subsequent indictment for murder. In this case, there is no acquittal in any degree of the crime charged. There was a plea of guilty. The Norvell case very plainly is controlled by the failure of the State to appeal from the order sustaining the motion in arrest, which could have been done. The motion in arrest of judgment was properly overruled in this case.

However, in the Norvell case the court completely ignored the point which controls us, namely, that a defendant, who, upon his own motion, extricates himself from jeopardy will not be permitted to take advantage in a subsequent trial of the court's agreement in his removal from jeopardy, thereby defeating prosecution for the crime charged.

■ American justice will not countenance an accused standing trial twice for the same offense, U.S.C.A.Const., 5 Amend., and while it is well-settled that a defendant may not take advantage of his own actions in removing himself from jeopardy, the abolition of the right to avail himself of the plea does not always flow from the defendant's action. There is no better settled rule than that courts of justice may discharge a jury and order subsequent trial with no right in the defendant to contend that his constitutional rights have been invaded. This action has been taken in the past for many reasons that have manifested themselves, and will be taken in the future for many other proper reasons which will manifest themselves, in the administration of justice. In this connection, the Supreme Court has said: "As to the question raised by the plea of former jeopardy, it is sufficiently answered by citing United States v. Perez, 9 Wheat. 579 [6 L.Ed. 165]; Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171 [35 L.Ed. 968], and Logan v. United States, 144 U.S. 263, 12 S.Ct. 617 [36 L. Ed. 429]. Those cases clearly establish the law of this court that courts of justice are invested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury; and that the defendant is not thereby twice put in jeopardy, within the meaning of the fifth amendment to the constitution of the United States." Thompson v. United States, 155 U.S. 271, 274, 15 S.Ct. 73, 74, 39 L.Ed. 146.

■ In this case the defendant cannot be said to have been "twice put in jeopardy" within the meaning of the Constitution of the United States.

The judgment of the district court is affirmed.