**HUNTER v. WADE.**

No. 3575.

United States Court of Appeals
Tenth Circuit.
Sept. 7, 1948.

Rehearing Denied Oct. 8, 1948.

PHILLIPS, Chief Judge, dissenting.

Frederick Bernays Wiener, Sp. Asst. to the Atty. Gen. (Randolph Carpenter, U. S. Atty. and James W. Wallace, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellant.

R. T. Brewster, of Kansas City, Mo., and N. E. Snyder, of Kansas City, Kan., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Frederick W. Wade, hereinafter referred to as petitioner, was a Private First Class in the 76th Infantry Division of the Army, engaged in the prosecution of the war in the European theater. He was charged under the ninety-second Article of War, 41 Stat. 805, 10 U.S.C.A. § 1564, with the rape of a German woman. A duly constituted general court-martial began the hearing of the charge. The prosecution and the defense each introduced testimony, rested and submitted oral argument; and the court closed. Thereafter on the same day, the court reopened, announced its desire to hear the evidence of three certain persons, and further announced that the court would be continued until a later date to be set by the trial judge advocate. About seven days later, the Commanding General of the 76th Infantry Division withdrew the charge from the court-martial and transmitted it to the Commanding General of the Third Army with a recommendation of trial by court-martial. About two weeks later, the Commanding General of the Third Army transmitted the charge to the Commanding General of the Fifteenth Army with the request that the Fifteenth Army assume court-martial jurisdiction. The charge was then referred for trial to a general court-martial of the Fifteenth Army. Petitioner seasonably presented to that court-martial a plea of double jeopardy in bar of trial. The plea was denied; petitioner was found guilty; and he was sentenced to dishonorable discharge, total forfeitures, and imprisonment for life. The period of confinement was later reduced to twenty years. As thus modified, the sentence was approved and confirmed; and petitioner was confined in the federal penitentiary at Leavenworth, Kansas, for its service. He instituted this proceeding in habeas corpus against the warden of the penitentiary to secure his discharge from further confinement on the ground that the sentence was void for the reason that he was twice placed in jeopardy for the same offense. The warden answered; petitioner was produced in court; evidence was submitted; and the court entered judgment ordering the discharge of petitioner, D.C., 72 F. Supp. 755. Thereafter, the court entered an order denying the motion of the warden for a reconsideration. The warden appealed from the final judgment of discharge and also from the order denying the motion for reconsideration.

 Article 1 § 8, cl. 14, of the Constitution of the United States empowers Congress to make rules for the government and regulation of the land and naval forces; and in the exercise of that power, Congress enacted Articles of War, effective June 4, 1920, 41 Stat. 787, 10 U.S.C.A. § 1471 et seq. Article 3 provides that courts-martial shall be of three kinds, general, special, and summary. Article 4 provides that all officers in the military service, and officers of the Marine Corps when detached for service with the Army, shall be competent to serve on courts-martial for the trial of persons lawfully brought before such courts for trial. Article 5 provides that general courts-martial may consist of any number of officers not less than five. Article 8 provides for the appointment of members of general courts-martial; Article 12 provides that general courts-martial shall have power to try any persons subject to military law for any crime or offense made punishable by the articles; and Article 92 provides that any person subject to military law who commits murder or rape shall suffer death or imprisonment for life, as the court-martial may direct, but that no person shall be tried by court-martial for such offenses committed within the States or the District of Columbia in time of peace. General courts-mar-

tial duly created in accordance with the controlling provisions of law are legal tribunals, clothed with authority to determine with finality any case over which they have jurisdiction; and their proceedings when duly confirmed are not open to collateral attack in a civil court except on jurisdictional grounds. Accordingly, where the petitioner in a case of this kind is being detained by virtue of a sentence of a general court-martial, the scope of the inquiry is limited to questions of jurisdiction of the court-martial, whether that court was properly constituted, whether it had jurisdiction of the subject matter and of the person of the accused, and whether the sentence was one authorized by law. Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538; Carter v. Roberts, 177 U.S. 496, 20 S.Ct. 713, 44 L.Ed. 861; Carter v. McClaughry, 183 U.S. 365, 22 S. Ct. 181, 46 L.Ed. 236; McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049; Collins v. McDonald, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692; Benjamin v. Hunter, 10 Cir., 169 F.2d 512. But within the range of such limited review, a federal court has jurisdiction in habeas corpus to determine whether the sentence of the court-martial was void for the reason that petitioner was twice placed in jeopardy for a single offense, and if so to order his discharge. In re Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; Ex parte Hans Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118; Clawans v. Rives, 70 App.D.C. 107, 104 F. 2d 240, 122 A.L.R. 1436; Amrine v. Tines, 10 Cir., 131 F.2d 827.

■ It is the general rule that an accused is in jeopardy within the meaning of the guaranty against double jeopardy contained in the Fifth Amendment to the Constitution of the United States when he is put on trial in a court of competent jurisdiction upon an indictment or information sufficient in form and substance to sustain a conviction, and a jury has been empaneled and sworn; and where the case is tried to the court without the intervention of a jury, jeopardy attaches when the court begins the hearing of evidence. McCarthy v. Zerbst, 10 Cir., 85 F.2d 640, certiorari denied, 299 U.S. 610, 57 S.Ct. 313, 81 L.Ed. 450; Clawans v. Rives, supra.

■■ But where it appears during the trial of a criminal case that a juror made false statements in the course of his voir dire examination respecting his relation to the defendant, where it appears that a member of the jury has been guilty of improper conduct in relation to the trial, where it appears that a juror was a member of the grand jury that returned the indictment, where it appears that a juror is too ill to proceed with the trial, where it appears that the jury is unable to agree upon a verdict, or where it appears that some other fairly like uncontrollable circumstance has arisen, and the court in the exercise of its sound judicial discretion discharges the jury, the constitutional guaranty against double jeopardy does not bar a subsequent trial before a different jury. United States v. Perez, 9 Wheat. 579, 6 L. Ed. 165; Simmons v. United States, 142 U.S. 148, 12 S.Ct. 171, 35 L.Ed. 968; Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429; Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 36 L.Ed. 146; Dreyer v. Illinois, 187 U.S. 71, 23 S. Ct. 28, 47 L.Ed. 79; Keerl v. Montana, 213 U.S. 135, 29 S.Ct. 469, 53 L.Ed. 734; Pratt v. United States, 70 App.D.C. 7, 102 F.2d 275. However, the constitutional guaranty protects an accused against a second trial where the jury in the first trial was discharged solely on the ground that witnesses for the government were absent and therefore their testimony could not be adduced. Cornero v. United States, 9 Cir., 48 F.2d 69, 74 A.L.R. 797; United States v. Shoemaker, 27 Fed.Cas. 1067, No. 16, 279; State v. Richardson, 47 S.C. 166, 25 S.E. 220, 35 L.R.A. 238; Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am.St.Rep. 188, 10 Ann. Cas. 1085; People v. Barrett, 2 Caines, N.Y., 304, 2 Am.Dec. 239; Pizano v. State, 20 Tex.App. 139, 54 Am.Rep. 511.

■■ A valid charge was pending before the first court-martial. The court had jurisdiction of the subject matter and of the person of petitioner, and evidence was introduced. Petitioner concedes that the Commanding General of the 76th Infantry Division was vested with authority to discharge the court or to withdraw the charge from it before completion of the trial, but

976

that after the withdrawal petitioner could not be again placed on trial before another court-martial over his plea of former jeopardy. It does not appear from the record before us that any underlying basis for the action was set forth in the order withdrawing the charge and directing that no further action be taken by the court; but in the communication of the Commanding General of the 76th Infantry Division transmitting the charge and related papers to the Commanding General of the Third Army it was recited in clear terms that the case had been referred to the court-martial for trial; that the trial was commenced; that the court continued the case in order that the testimony of certain witnesses could be obtained; and that due to the tactical situation, the distance to the residence of such witnesses had become so great that the case could not be completed within a reasonable time. It thus appears that the withdrawal of the charge from the court-martial was not predicated solely upon the absence of the witnesses at the time of the trial, through oversight or otherwise, or solely upon the absence of the witnesses at the time the charge was withdrawn. Instead, it is fairly clear that the withdrawal was based upon the tactical situation intervening and developing after the trial which made it infeasible to produce such persons before the court-martial at its then location. Distance of the persons from the then situs of the court was one element entering into the situation. Perhaps other essential elements inhered in it. That the armed forces of the United States engaged in the prosecution of the war in that theater were moving rapidly and that conditions in the field were more or less fluid are matters of history of which judicial notice may be taken. It may be that due to hazardous surroundings, fluidity of conditions, or other emergencies arising out of the prosecution of the war, it was wholly infeasible if not impossible to produce the persons before the court at its location at the time of the withdrawal of the charges. On the other hand, it may be that distance or emergencies growing out of the prosecution of the war did not make it impossible or unreasonably difficult to produce the witnesses before the court and obtain their testimony. It may be that the case should have remained with the court instead of being withdrawn. But that was a matter to be determined by the Commanding General in the exercise of his sound discretion; and, taking into consideration the conditions and circumstances presenting themselves, he determined in the exercise of such discretion that the tactical situation made it necessary or advisable to withdraw the case from the court-martial and to refer it to the Commanding General of the Third Army for trial before another court-martial. Such determination of the Commanding General was somewhat analogous insofar as double jeopardy is concerned to the determination of the judge of a civil court that in view of a sudden and uncontrollable emergency arising during the progress of the trial of a criminal case the jury should be discharged and the defendant subsequently tried before another jury. Under the circumstances, the withdrawal of the case from the court-martial on the ground that the tactical situation made it impossible to produce the witnesses before the court-martial within a reasonable time and the subsequent trial before another court-martial did not subject petitioner to double jeopardy in violation of the Fifth Amendment.

The judgment of discharge is reversed, and the cause is remanded with directions to enter judgment denying the petition for the writ of habeas corpus and to remand petitioner to the custody of respondent.

PHILLIPS, Chief Judge (dissenting).

Wade, hereinafter called petitioner, and one Cooper were charged with rape in violation of the 92nd Article of War.[1] They were tried jointly by a General Court-Martial constituted by the Commanding General of the 76th Infantry Division. The Court-Martial convened at Pfalzfeld, Germany, a town 22 miles from Krov, on March 27, 1945. Both the prosecution and defense presented testimony and rested. After the arguments had been presented, the case was submitted. After the Court-Martial had entered upon a consideration of its verdict, it announced that the case

[1] 10 U.S.C.A. § 1564.

would be reopened for the production of additional witnesses with respect to the identity of the accused.[2]

Thus, it will be seen that the sole reason for reopening and continuing the case was the absence of witnesses.

Thereafter, on April 3, 1945, the Commanding General of the 76th Infantry Division dissolved the Court-Martial and transmitted the charges and allied papers in the case to the Commanding General of the Third United States Army with the recommendation that the charges be tried by General Court-Martial. In the letter of transmittal set forth below,[3] the Commanding General of the 76th Infantry Division stated that the case had been previously referred for trial by General Court-Martial which had entered on the trial; that two witnesses were unable to be present and the case had been continued so their testimony could be obtained; that due to the tactical situation, the distance to the residence of such witnesses had become so great that the case could not be completed within a reasonable time. Thus, it will be seen that the reason the Court-Martial was dissolved and the case transferred was the inability to produce conveniently the absent witnesses. There is no suggestion in the letter of transmittal or in the record here that the members of the Court-Martial were unable to proceed with the trial or that the trial could not be completed by such Court-Martial because of the tactical situation. Had the witnesses been there present, there seems to be no doubt that the trial could have been completed by such Court-Martial. Hence, its dissolution was due solely to the absence of witnesses for the prosecution.

No further action was taken until April 18, 1945, when the Commanding General of the Third United States Army transferred the charge to the Commanding General of the 15th United States Army. On April 26, 1945, the Commanding General of the 15th United States Army constituted a General Court-Martial at Bad Neuenalir, Germany, a town approximately 40 miles from Krov, on June 30, 1945. Petitioner interposed a plea of double jeopardy. It was overruled. The trial proceeded, resulting in the conviction of petitioner and the acquittal of Cooper.

The record in petitioner's case was submitted for review to the Staff Judge Advocate, 15th Army, pursuant to Article of War 46.[4] That reviewing authority, in a written opinion, held the record of trial legally sufficient, but recommended that the sentence be reduced, in view of petitioner's combat record. The Commanding General, 15th United States Army, approved the sentence, but reduced the period of confinement to 20 years. In compliance with the provisions of Article of War 50-1/2,[5] petitioner's records were transmitted to the Branch Office of the Trial Judge Advocate in the European Theater of Operations for review. Board of Review No. 4 in that office concluded that the record of trial was legally insufficient on the ground that petitioner's plea of double jeopardy should have been sustained. The basis of that Board's finding was that the absence of

---

[2] "Law Member: The Court desires that further witnesses be called into the case, and to allow time to secure these witnesses, this case will be continued. We would like to have as witnesses brought before the Court, the parents of this person making the accusation, Rosa Glowsky, and also the sister-in-law that was in the room who could further assist in the identification or identity of the accused. The Court will be continued until a later date set by the T.[rial] J.[udge] A.[dvocate].

The Court then, at 1700 o'clock, p. m., 27 March, 1945, adjourned to meet at the call of the President."

[3] "1. The charges and allied papers in the case of Pfc. Frederick W. Wade, 39208980, Co. K, 385th Inf., are transmitted herewith with a recommendation of trial by general court-martial. The case was previously referred for trial by general court-martial and trial was commenced. Two witnesses, the mother and father of the victim of the alleged rape, were unable to be present due to sickness, and the Court continued the case so that their testimony could be obtained. Due to the tactical situation the distance to the residence of such witnesses has become so great that the case cannot be completed within a reasonable time."

[4] 10 U.S.C.A. § 1517, and Par. 87(b), Manual for Courts-Martial.

[5] 10 U.S.C.A. § 1522.

witnesses did not come within the purview of the "imperious necessity" rule.

In further compliance with Article of War 50-½, the record was forwarded to the Staff Judge Advocate General of the Branch Office, who dissented from the holding of the Board of Review on the ground that the decision of the Commanding General of the 76th Infantry Division that "a tactical situation made the attainment of the witnesses impractical and precluded prompt disposition of the case," was a determination which fell within the doctrine of imperious necessity. The case then passed to the Commanding General, United States Army, European Theater, under the provisions of Article of War 50-½. He upheld the conviction.

Petitioner, being confined under the sentence in the United States Penitentiary at Leavenworth, Kansas, filed his application for a writ of habeas corpus. The trial court granted the writ and discharged petitioner from custody.

Where a case is tried to a court, jeopardy attaches when the accused has been indicted and arraigned, has pleaded, and the court has begun to hear evidence.[6]

Jeopardy undoubtedly attached unless the discontinuance of the trial, the withdrawal of the charges from, and the dissolution of, the first Court-Martial were justified under the "imperious necessity" rule.

To justify the discharge of a jury or other fact-finding body before verdict under the doctrine of imperious necessity, the reasons therefor must be emergent, urgent, and manifestly compelling.[7] It is a power which should be exercised with caution and only under urgent circumstances.[8]

The causes for which a jury may be discharged before verdict are stated in Wharton's Criminal Law, 12th Ed., Vol. 1, § 395, as follows: " * * * The only causes for which a jury impaneled and sworn to try an accused on a criminal charge can be discharged by the court without a verdict are: (1) Consent of the prisoner; (2) illness of (a) one of the jurors, (b) the prisoner, or (c) the court; (3) absence of a juryman; (4) impossibility of the jurors agreeing on a verdict; (5) some untoward accident that renders a verdict impossible; and (6) extreme and overwhelming physical or legal necessity. * * *"

Under the weight of authority, the absence of a witness or witnesses for the prosecution does not constitute grounds for the discharge of the jury under the doctrine of imperious necessity.[9]

When a prosecutor enters upon a trial, knowing that material witnesses for the prosecution cannot be produced, he takes the chance that his proof may fail, and he is not entitled to have the jury discharged in order to afford him an opportunity to produce the witnesses at a second trial; and the court may not of its own motion discharge the jury because of the absence of witnesses for the prosecution.[10]

---

6 McCarthy v. Zerbst, 10 Cir., 85 F. 2d 640, 642, and cases there cited; Clawans v. Rives, 70 App.D.C. 107, 104 F. 2d 240, 242, 122 A.L.R. 1436; Daniels v. State, 55 Okl.Cr. 298, 29 P.2d 997, 998.

7 United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165; Simmons v. United States, 142 U.S. 148, 153, 12 S.Ct. 171, 35 L.Ed. 968; Klock v. People, 2 Parker Cr.R., N.Y., 676, 683, 684; People v. Barrett, 2 Caines, N.Y., 304, 308, 2 Am. Dec. 239; United States v. Watson, D.C. N.Y., Fed.Cas.No.16,651; Commonwealth v. Fitzpatrick, 121 Pa. 109, 15 A. 466, 467, 1 L.R.A. 451, 6 Am.St.Rep. 757; Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am.St. Rep. 188, 10 Ann.Cas. 1085; Baker v. Commonwealth, 280 Ky. 165, 132 S.W.2d 766, 767, 125 A.L.R. 691; State ex rel. Alcala v. Grayson, 156 Fla. 435, 23 So. 2d 484.

8 In United States v. Perez, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165, the court said: " * * the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; and in capital cases especially, courts should be extremely careful how they interfere with any of the chances of life, in favor of the prisoner."

9 Cornero v. United States, 9 Cir., 48 F.2d 69, 73, 74 A.L.R. 797; Pizano v. State, 20 Tex.App. 139, 54 Am.Rep. 511; Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am.St.Rep. 188, 10 Ann.Cas. 1085; United States v. Watson, D.C., Fed.Cas.No. 16,651; State v. Richardson, 47 S.C. 166, 25 S.E. 220, 35 L.R.A. 238; State ex rel. Meador v. Williams, 117 Mo.App. 564, 92 S.W. 151, 152; Note, 74 A.L.R. 803.

10 State ex rel. Manning v. Himes, 153 Fla. 711, 15 So.2d 613, 615; People ex

Since it is my opinion that the sole reason the trial was adjourned, the charges withdrawn, and the Court-Martial dissolved was the absence of witnesses for the prosecution, it is my conclusion that the Commanding General of the 76th Infantry Division was not justified in dissolving the Court-Martial under the doctrine of imperious necessity.

It follows that when petitioner was subjected to the trial before the second Court-Martial, he was placed in jeopardy twice for the same offense in contravention of his rights under the Fifth Amendment to the Constitution of the United States.

The denial of his plea of former jeopardy may be raised in a proceeding on habeas corpus.[11]

For the reasons indicated, I respectfully dissent.

rel. Stabile v. Warden of City Prison, 202 N.Y. 138, 95 N.E. 729, 733; People v. Barrett, 2 Caines, N.Y., 304, 308, 2 Am.Dec. 239.

[11] Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240, 244, 122 A.L.R. 1436; Bens v. United States, 2 Cir., 266 F. 152, 157.