### UNITED STATES
### v.
### NARVAEZ–GRANILLO.
#### Cr. No. 23458.

United States District Court,
S. D. California, S. D.
Feb. 12, 1954.

· The second and third counts of the indictment charged the same offense, but involved a different alien.

The case was called for trial on December 8, 1953 before Hon. J. Frank McLaughlin. Defendant's counsel announced that the defendant would waive the jury. The Court recessed to allow defense and government counsel to confer, and after the recess defense counsel announced that the defendant wished to change his plea to Counts One and Three; the Court then allowed defendant's plea of not guilty to said counts to be set aside, and asked the defendant if he was ready to enter a new plea to such counts. The defendant answered that he was; the Court according to the transcript of said proceeding was not impressed with the defendant's tone of voice when he answered, and questioned him further, to which the defendant said that in his heart he knew he wasn't guilty, but would plead guilty. Whereupon the Court ruled the trial should proceed as to all counts. Counsel for defense agreed.

At the inception of the trial, and before any witnesses were called, the Court announced that it desired to raise, on its own motion, the question of whether it was necessary to allege the element of intent in the indictment; that in the Statute it was not required that the person who brought the alien into the United States must know that the person brought in was not eligible to enter the United States or be and remain therein, yet the Statute did provide that if a defendant brought such an alien into the United States a violation of law was committed and amounted to a felony. The Court further stated that where the Statute provided an offense was a felony, knowledge and intent in the commission of the act was implied.

After further discussion of the question by both Court and counsel, defendant's attorney stated in effect that it was his opinion that the element of intent was essential, and, we quote:

(Transcript, P. 17, lines 16, 20 inclusive)

F. Fernandez Solis, Los Angeles, Cal., for plaintiff.

Edwin C. Jeffries, Asst. U. S. Atty., San Diego, Cal., for defendant.

WEINBERGER, District Judge.

On October 21, 1953, an indictment was filed against the defendant herein charging him in Count One with a violation of Title 8 U.S.C.A. § 1324(a) (1), to wit that the defendant did bring into the United States and attempt to bring into the United States a certain named alien, which alien was not duly admitted by an immigration officer and was not lawfully entitled to enter or reside within the United States.

"It is my personal opinion, your Honor, that it is essential, and I do not feel it is sufficiently alleged in the Indictment, and for that reason I would like to move that the indictment be quashed on the grounds that it does not set forth a crime."

Whereupon the Court observed that the ground of defendant's motion was a jurisdictional one and could be raised any time, to which counsel agreed.

The Court announced that it would hear the opening statement of Government counsel and then take its own motion under advisement.

After the noon recess, the Court stated that it desired to give the question it had raised further attention, and that it was keeping the matter under advisement, and that the trial would proceed.

After the Government had elicited testimony from its witnesses, the prosecution rested, and the Court, addressing counsel for defendant, stated:

(Transcript, P. 105)

" * * * I have in mind that you should make a motion for judgment of acquittal for the defendant on the ground that the evidence submitted by the Government in support of the charge doesn't prove the same. Deeming that you have made the motion, I will grant it."

Quoting further from the transcript at page 105:

"Mr. Solis: (defense counsel) I will make that motion your Honor."

"The Court: Now, I am going to dispose of this case by granting that motion, and also ruling on my own motion, which I have retained under advisement, in this fashion:

"One: That the Indictment is defective in that it doesn't allege a crime; and Secondly: Assuming that it did, the Government's evidence does not prove the crime charged."

On December 23, 1953 an indictment was filed against the defendant herein charging him in Count One with a violation of Title 8 U.S.C.A. § 1324(a) (4), to wit, that the defendant did wilfully and knowingly encourage and induce and attempt to encourage and induce the entry into the United States of a certain named alien, which alien was not duly admitted by an immigration officer and was not lawfully entitled to enter and reside within the United States, and that said defendant was first found in the Southern District of California.

The second and third counts of the indictment charged the same offense, but involved a different alien.

The aliens named in the second indictment were the same as those named in the first.

The defendant pleaded not guilty and waived trial by jury, and on January 26, 1953, the case proceeded to trial before me, both parties being represented by the same counsel as in the first case.

It was stipulated by counsel that the testimony given at the previous trial, before another District Court Judge, Hon. J. Frank McLaughlin, beginning at page 75, line 12 thereof and concluding at page 105, line 4 (I am now referring to the transcript) be accepted as evidence in the second case, except that two of the Government's witnesses, immigration inspectors, were recalled for brief testimony which did not concern the offenses charged in the indictment.

The Government rested, and counsel for defendant moved for judgment of acquittal on the grounds that the Court lacked jurisdiction and that the indictment was insufficient. Defendant rested, and after counsel had argued the merits of the case, I questioned counsel, on my own motion, as to whether or not they had considered the defense that the defendant might have been placed in double jeopardy. Whereupon defense counsel moved for judgment of acquittal on the ground of double jeopardy and I ordered the matter submitted, and requested counsel to file briefs.

Further proceedings were continued until today, and after considering the briefs filed, the transcript and files in the first proceeding, the arguments of counsel, and after making independent

research, I am ready to render my decision.

First, the defendant's motion in this case with reference to lack of jurisdiction and insufficiency of the indictment is denied.

■ The opinion in the case of Wade v. Hunter, 10 Cir., 169 F.2d 973, 8 A.L.R. 2d 277, affirmed 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974, contains a concise statement with reference to the placing of a defendant in jeopardy. Quoting from 169 F.2d at page 975:

"It is the general rule that an accused is in jeopardy within the meaning of the guaranty against double jeopardy contained in the Fifth Amendment to the Constitution of the United States when he is put on trial in a court of competent jurisdiction upon an indictment or information sufficient in form and substance to sustain a conviction, and a jury has been empaneled and sworn; and where the case is tried to the court without the intervention of a jury, jeopardy attaches when the court begins the hearing of evidence."

In the first case in which this defendant was concerned, he was brought to trial, and evidence was heard. The Court in that case, after careful consideration ruled that the indictment was invalid.

I do not find it necessary to voice my opinion with reference to the sufficiency of that indictment, and expressly refrain from so doing.

The defendant urges that the same transaction and facts before us here, were before the judge who tried the first case, and that the Court in the first case resolved that case by a judgment of acquittal on the merits. He further urges that the ruling of the Court that the indictment was defective was dictum, and that such ruling was inconsistent with the judgment of acquittal which was first made.

Counsel for defendant in his brief in the matter before me further urges that the Court, in the first case, had jurisdiction, and assumed to try and dispose of the case on its merits. The Government takes the contrary position.

■ It might be said that with reference to the indictment in the first case, the contentions of counsel for both sides were, at the first proceeding, somewhat at variance with their positions in this case. As was aptly remarked by the Chief Judge of our Circuit Court of Appeals, the Honorable William Denman, in Haugen v. United States, 9 Cir., 153 F.2d 850, 851, the defendant, if he would, could not "blow hot and cold." The defendant's counsel, at the first proceeding, moved for the quashing of the indictment on the ground of its invalidity and the Court quashed it on that ground. He cannot now hold the decision was of no avail, and that the defendant was in jeopardy during the first trial.

A similar statement is found in Nolan v. United States, 163 F.2d 768, certiorari denied 333 U.S. 846, 68 S.Ct. 649, 92 L. Ed. 1130, a decision of the 8th Circuit Court of Appeals, opinion by Judge Thomas. At page 770 of 163 F.2d, it was said:

"It will be observed that Nolan's position is anomalous. He demurred to the first indictment on the ground that it was not a valid indictment. * * * His contention now that the sustaining of the demurrer to the first indictment is a bar to prosecution on the second impliedly concedes that the first indictment was legally valid. He can not thus 'blow hot and cold.' (Here the 8th Circuit Judge cited Judge Denman's opinion in the Haugen case to which we have just adverted.)"

■ The rule applies, therefore, that "'the quashing of a bad indictment is no bar to a prosecution upon a good one.'" Citing United States v. Oppenheimer, 242 U.S. 85, 37 S.Ct. 68, 61 L.Ed. 161.

In addition to the necessity that the defendant must have been tried and acquitted, or convicted, under a valid indictment in order that his plea of double

jeopardy be effective here, it must be shown that the offense for which he was tried before me was the same offense as that included in the first indictment.

■ As was said in the opinion of the Supreme Court in Blockburger v. U. S., 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306:

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

I am cognizant of the rule enunciated in In re Nielsen, 131 U.S. 176, 9 S. Ct. 672, 33 L.Ed. 118, to the effect that where a person has been tried for a crime which has various incidents included in it, he cannot a second time be tried for one of those incidents without being twice put in jeopardy for the same offense.

■ The offense of bringing in aliens as defined by the statute, may, but not necessarily does, have as an incident the enticement and encouragement of the aliens mentioned in the second indictment. But the first offense requires proof of an additional fact which the second one does not.

The first offense requires the bringing in or attempted bringing in to the United States of the alien; it is not necessary that the defendant shall entice or encourage the alien; in fact, the crime may be committed by the defendant while the alien is doing the enticing and encouraging of the defendant. On the other hand, the offense charged in the second indictment does not require that the defendant render any assistance or take part in the entry, or attempted entry, by the alien, into the United States. The offense is committed when the encouragement and enticement to enter the United States is made by the defendant.

The situation here is similar to that in the case of McKee v. Johnston, War-

den, 9 Cir., 1942, 125 F.2d 282, certiorari denied 316 U.S. 702, 62 S.Ct. 1306, 86 L.Ed. 1771, where the Court said:

"The contention urged by appellants is neither novel nor original; a similar assertion was made, and overruled, in Poffenbarger v. United States, 8 Cir., 20 F.2d 42, 45, where the court said: 'It is insisted that the taking of the mail bags and the abstracting of the contents of the bags constitute but one offense. We are unable to agree with this contention. The test of identity of the offenses when double jeopardy is claimed is whether the same evidence is required to sustain them. * * * Additional evidence is required to substantiate and prove the charge of taking and abstracting the contents of the mail bags than was required to prove the offense of taking the bags from the mail train. We are of the opinion that the taking of the contents of the mail bags is a separate and distinct offense from the taking of the bags from the mail train. * *' "

In conspiracy cases, I find similar contentions are often advanced, with reference to the conspiracy being charged in one count and the substantive offense in another. In the recent case of Pereira v. United States, 74 S.Ct. 358, 364, in which Chief Justice Warren delivered the opinion of the Supreme Court on February 1, 1954, it was pointed out by the Chief Justice that:

"It is settled law in this country that the commission of a substantive offense and a conspiracy to commit it are separate and distinct crimes, and a plea of double jeopardy is no defense to a conviction for both. See Pinkerton v. U. S., 328 U.S. 640, 643–644, 66 S.Ct. 1180, 1181–1182, 90 L.Ed. 1489".

Justice Warren added:

"Only if the substantive offense and the conspiracy are identical does a conviction for both constitute double jeopardy."

At another point in his opinion, the Chief Justice observed:

"Sections 1341 and 2314 of Title 18 constitute two separate offenses, and a defendant may be convicted of both even though the charges arise from a single act or series of acts, so long as each requires the proof of a fact not essential to the other."

I now rule that the defendant has not been twice placed in jeopardy by his trial before me.

█ As to Counts One and Two, the evidence is amply sufficient to prove beyond a reasonable doubt that the defendant wilfully and knowingly encouraged and induced the entry of these aliens into the United States as charged in the indictment. It has been stipulated that they were aliens not duly admitted nor lawfully entitled to enter and reside within the United States as charged in the indictment. I find the defendant guilty as to those Counts.

Regarding Count Three, naming the eighteen year old alien Ambrosio Arevalo Orozco, I do not find the evidence sufficient to convict the defendant on that count and accordingly hold him not guilty as to Count Three.