**UNITED STATES of America, Plaintiff,**

v.

**James W. LEWIS, James G. Burley and Blair Jones, Defendants.**

**Cr. A. No. 15945.**

United States District Court
D. Colorado.
May 20, 1959.

Donald E. Kelley, U. S. Atty., and James C. Perrill, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Norton Frickey, Denver, Colo., for defendant.

ARRAJ, District Judge.

Defendant James G. Burley moves the Court to dismiss count two of the indictment on the grounds that he had been previously tried for the offense charged in said count and was acquitted by a jury; and that he would be placed in double jeopardy if required to go to trial on that count.

The pertinent facts are that in October 1957, this defendant, his codefendants, and two other persons were charged in a ten count indictment under the provisions of 18 U.S.C. § 174.[1] Count one charged a conspiracy and the other nine counts charged substantive offenses; three of those substantive offense counts, namely; counts two, three and five being applicable to this defendant. Upon trial, under this indictment, defendant Burley was convicted under counts one and five, and was acquitted on counts two and three. Judgment was entered by the trial court on the verdict of the jury and counts two and three were dismissed and the defendant was given concurrent sentences on his conviction under counts one and five.

Defendant Burley appealed his conviction on the first and fifth counts of the indictment and the Court of Appeals reversed the judgment with instructions to dismiss the indictment on the ground that the indictment failed to state a public offense.

In March 1959, the defendants in the instant case were again indicted by the Grand Jury on charges of violation of 18 U.S.C. § 174. This latter indictment contains a conspiracy count and seven counts charging substantive offenses; defendant Burley is charged in the conspiracy count, being count one, and he is also charged in counts two and four of this latter indictment. The United States Attorney concedes that count two of the present indictment charges exactly the same offense as was charged in count three of the first indictment.

The question then to be determined by the Court is—can the defendant Burley be again tried for an offense of which he has been acquitted, where, on appeal, the indictment upon which he was originally charged was held to be fatally defective for failure to state a public offense?

The government's position is, succinctly stated, that in declaring the original indictment fatally defective because it failed to state an offense and thereby voiding all the proceedings resulting in defendant's conviction, the Court of Appeals declared the original trial to be a nullity. Therefore the defendant Burley now stands before the Court as if he had never been tried for any of the alleged offenses contained in the original indictment.

That position cannot be sustained under the prevailing and accepted law. In United States v. Ball, 1896, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300, an indictment had been returned against three defendants charging first-degree murder; two of the defendants were found guilty and the third was acquitted. The two appealed and the Supreme Court held the indictment deficient to support the conviction and reversed. A new indictment was returned against all three; the two who had been found guilty plead former jeopardy and the third defendant plead former jeopardy and acquittal. The trial court overruled all of those pleas and upon trial a verdict of guilty was returned against all three. The Supreme Court affirmed the verdict of guilty as to the two defendants who had been found guilty in the first trial but reversed as to the one who had been acquitted. The Court saying at page 671 of 163 U.S. at page 1195 of 16 S.Ct.:

"As to the defendant who had been acquitted by the verdict duly returned and received, the court could take no other action than to order his discharge. The verdict of acquittal was final, and could not be reviewed, on error or otherwise, without putting him twice in jeopardy, and thereby violating the

1. Now 18 U.S.C.A. § 650.

constitution. However it may be in England, in this country a verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution for the same offense. United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, [36 L. Ed. 445]; Commonwealth v. Tuck, 20 Pick., [Mass.], 356, 365; West v. State, 22 N.J.Law 212, 231 [2 Zab. 212, 231]; 1 Lead.Crim.Cas. 532.

"For these reasons, the verdict of acquittal was conclusive in favor of Millard F. Ball, and as to him the judgment must be reversed, and judgment rendered for him upon his plea of former acquittal."

In Garrett v. United States, 5 Cir., 1927, 17 F.2d 479, a seventeen count indictment was returned against defendant. The trial judge sustained a demurrer in part and overruled it in part; and parts of the indictment were erased at his direction and a pencil run through some of the words of the indictment. Defendant was acquitted on ten of the counts and convicted on seven counts. On appeal, the Court of Appeals held that the action of the trial court amounted to an amendment of the indictment and it could not legally be so amended. The appellate court further held that the indictment was not void, only the amendment was void, and that a new trial may be had on the original indictment. However, at page 480 that court said:

"Notwithstanding the indictment was rendered fatally defective by the erasures, defendant is entitled to the benefit of his acquittal on 10 of the counts. United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L. Ed. 300; Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114, 1 Ann.Cas. 655."

The general rule concerning jeopardy is stated in Hunter v. Wade, 10 Cir., 1948, 169 F.2d 973, at page 975, 8 A.L.R. 2d 277:

"It is the general rule that an accused is in jeopardy within the meaning of the guaranty against double jeopardy contained in the Fifth Amendment to the Constitution of the United States when he is put on trial in a court of competent jurisdiction upon an indictment or information sufficient in form and substance to sustain a conviction, and a jury has been empaneled and sworn; and where the case is tried to the court without the intervention of a jury, jeopardy attaches when the court begins the hearing of evidence."

However, there are exceptions, e. g. when a trial has been discontinued. Wade v. Hunter, 1949, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974, and where a convicted defendant obtains a reversal, United States v. Ball, supra. And the rule of former acquittal is also an exception. This rule is affirmed in Green v. United States, 1957, 355 U.S. 184, at page 188, 78 S.Ct. 221, at page 223, 2 L.Ed.2d 199, wherein the Court said:

"In accordance with this philosophy it has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offence.' United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300. Thus it is one of the elemental principles of our criminal law that the Government cannot secure a new trial by means of an appeal even though an acquittal may appear to be erroneous. United States v. Ball, supra; Peters v. Hobby, 349 U. S. 331, 344–345, 75 S.Ct. 790, 796, 99 L.Ed. 1129. Cf. Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114; United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445."

It is therefore clear that to require defendant Burley to stand trial again for the offense charged in count two of the present indictment would violate the

double jeopardy provision of the Fifth Amendment to the Constitution.

Ordered that count two of the indictment be dismissed.