## UNITED STATES *v.* VAN VLIET.

*(District Court, E. D. Michigan.* February 23, 1885.)

1. CRIMINAL LAW—TAKING EXCESSIVE PENSION FEE—U. S. *v.* VAN VLIET, 22 FED. REP. 641, REVERSED.

    The right to prosecute for a violation of Rev. St. ¿ 5485, in demanding and receiving a greater compensation for services in procuring a pension than is allowed by law, when the offense was committed prior to the act of July 4, 1884, is saved by section 13 of the Revised Statutes. The case of *U. S.* v. *Van Vliet,* 22 FED. REP. 641, reversed.

2. SAME—DEMURRER TO INFORMATION—MISTAKE OF LAW.

    If a demurrer to a valid information be sustained under a mistaken view of the law, and the judgment is afterwards reversed, the defendant may be rearrested, and put upon his plea to the merits.

On Rehearing of Demurrer to Information.

Defendant was prosecuted by information of the district attorney for a violation of Rev. St. § 5485, in demanding and receiving a greater compensation for his services and instrumentality in prosecuting certain claims for pensions than was allowed by law. A demurrer was interposed, upon the ground that the law fixing the compensation for such services had been repealed, and hence that there could be no conviction. This demurrer was sustained, and the district attorney moved for a rehearing.

*S. M. Cutcheon,* Dist. Atty., for the United States.

*I. T. Cowles,* for defendant.

BROWN, J. Upon the original argument I sustained this demurrer, upon the ground that the act of 1878, fixing the amount which pension agents were entitled to charge for their services, had been repealed by the act of July 4, 1884, without saving the right to prosecute for offenses committed prior to the repealing act. *U. S.* v. *Van Vliet,* 22 FED. REP. 641. Since then my attention has been called to section 13 of the Revised Statutes, which enacts that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." This section escaped the notice both of court and counsel. I consider it a complete answer to the demurrer. It was at one time doubted whether it applied to criminal prosecutions, but the case of *U. S.* v. *Ulrici,* 3 Dill. 532, and *U. S.* v. *Barr,* 4 Sawy. 254, have apparently put the question at rest. The case of *U. S.* v. *Tynen,* 11 Wall. 88, was decided in view of the law in force before the act of February 25, 1871, which first contained this section, was passed.

There is no legal objection to the rearrest of the defendant. The constitutional provision, that no person shall "be subject for the same offense to be twice put in jeopardy," has no application until a jury

has been impaneled and sworn. 1 Bish. Crim. Law, (5th Ed.) §§ 1014–1016. The very case presented by the record here is thus stated by Mr. Bishop, (section 1027:)

"For example, if, without a trial, the court quashes a valid indictment, or gives the defendant judgment on demurrer, under the erroneous belief that it is invalid, a trial may be had after the prosecutor has procured the reversal of this judgment, because, as we have already seen, the prisoner is not in jeopardy until the jury is impaneled and sworn."

The motion of the district attorney for a *capias* is therefore granted.