**McCARTHY v. ZERBST, Warden.**
No. 1407.

Circuit Court of Appeals, Tenth Circuit.
Sept. 12, 1936.

---

J. J. Cardigan, of Superior, Wis., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order denying an application for a writ of habeas corpus.

An indictment, containing four counts, was returned against petitioner and another in the District Court of the United States for the Northern District of Illinois.

A motion to dismiss the first count was sustained by the court prior to the trial.

The second count charged that petitioner and another, on January 6, 1934, endeavored, by oral communication and force, to influence, obstruct and impede the due administration of justice in certain causes pending in the District Court of the United States for the Northern District of Illinois, by taking one French, a witness in said causes, in an automobile to a stated place, and there striking, beating, assaulting and shooting said French.

The third count charged that petitioner and another, from June 26, 1933, to January 6, 1934, conspired to deter by force, intimidation and threats, one French from testifying freely, fully and truthfully as a witness in said causes.

The fourth count charged that petitioner and another, from June 26, 1933, to January 6, 1934, conspired to injure the witness French in his person on account of his having appeared and given evidence before a grand jury impaneled and sworn in the District Court of the United States for the Northern District of Illinois, concerning a matter then pending in said court.

Count two charges an offense under 18 U.S.C.A. § 241, which in part reads:

"Whoever corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any witness, in any court of the United States * * * or who corruptly or by threats or force, or by any threatening letter or communication, shall influence, obstruct, or impede, or endeavor to influence, obstruct, or impede, the due administration of justice therein, shall be fined not more than $1,000, or imprisoned not more than one year, or both."

Counts three and four charge offenses under 18 U.S.C.A. § 242, which in part reads:

"If two or more persons conspire to deter by force, intimidation, or threat, any party or witness in any court of the United States, * * * from attending such court or examination, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, * * * each of such persons shall be fined not more than $5,000 or imprisoned not more than six years, or both."

Trial by jury was waived and McCarthy was tried by the court on counts two, three and four. He was found guilty on counts two and four and not guilty on count three. The court sentenced him to serve one year in jail and to pay a fine of $1,000 on count two, and to serve six years in the

penitentiary and to pay a fine of $5,000 on count four, the sentences to run consecutively.

Petitioner contends that the court was without jurisdiction. to impose a judgment and a sentence on count four because the offense charged therein is the same as the offense charged in count three on which he was found not guilty; that count four and counts one, two and three charged the same offense; and that he has been put in jeopardy and is being punished more than once for the same offense.

Petitioner was never in jeopardy on count one. It was dismissed before trial. The general rule is that a person is not in jeopardy until he has been arraigned on a valid indictment or information, has pleaded, and a jury has been impaneled and sworn;[1] and where a case is tried to a court without a jury, jeopardy begins after accused has been indicted and arraigned, has pleaded and the court has begun to hear evidence.[2]

It is clear from a reading of the indictment that count two charges an offense under section 241, supra, and that counts three and four charge separate and distinct offenses defined in section 242, supra. This court in Curtis v. U. S., 67 F. (2d) 943, at page 947 said:

"The test of the identity of offenses is whether the same evidence is required to sustain them (Moorehead v. United States [(C.C.A.) 270 F. 210], supra) ; or whether, if what is set out in the charge to which the plea is interposed, had been proven in support of the charge, acquittal of which is asserted as a bar, it would have sustained a conviction on the latter charge."

See, also, Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Brady v. U. S. (C.C.A.8) 24 F.(2d) 399; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; Burton v. U. S., 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann. Cas. 362; Gavieres v. U. S., 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Yep v. U. S. (C.C.A.10) 81 F.(2d) 637; Chrysler v. Zerbst (C.C.A.10) 81 F.(2d) 975, 976. In the latter case, this court said:

"Where the same transaction constitutes a violation of two distinct statutory provisions, the test to be applied in determining whether there are two offenses, is whether each requires proof of a fact which the other does not."

In order to convict under count two, it was necessary to prove that the petitioner endeavored to influence, obstruct, or impede the administration of justice in a United States Court by threats or force. In order to convict under count three, it was necessary to prove that petitioner and his codefendant agreed together to deter by force, intimidation, or threats, a witness from testifying freely, fully and truthfully in a certain case pending in the District Court of the United States for the Northern District of Illinois. In order to convict under count four, it was necessary to prove that petitioner and his codefendant agreed together to injure a witness on account of his having testified before the grand jury, concerning a matter pending in said court. Under the test above stated, it is plain that each count charged a separate offense.

It is also contended that petitioner is being unlawfully detained under the judgment and sentence imposed under the second count. He was sentenced to one year in jail and to pay a fine on that count, but the commitment erroneously recited that he had been sentenced to serve one year in the penitentiary on that count. It is not now necessary to determine the effect of the error in the commitment. The petitioner is now lawfully imprisoned under the sentence of six years on the fourth count. "Without restraint which is unlawful, the writ may not be used." Newman v. Zerbst (C.C.A.10) 83 F.(2d) 973, 974.

The order appealed from is affirmed.

---

[1] United States v. Van Vliet (D.C. Mich.) 23 F. 35; In re Brown, 139 Kan. 614, 32 P.(2d) 507, 511; Commonwealth v. Gray, 249 Ky. 36, 60 S.W.(2d) 133; State v. Miller, 331 Mo. 675, 56 S.W.(2d) 92; State v. Bell, 205 N.C. 225, 171 S.E. 50; Burnes v. State, 89 Fla. 494, 104 So. 783; State v. Gilmer, 202 Wis. 526, 232 N.W. 876; People v. Schepps, 231 Mich. 260, 203 N.W. 882; People v. Scofield (Cal.App.) 258 P. 656.

[2] Rosser v. Commonwealth, 159 Va. 1028, 167 S.E. 257; People v. Garcia, 120 Cal.App. (Supp.) 767, 7 P.(2d) 401.