[No. 4302-1. Division One. June 28, 1976.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID WAYNE SMITH, *Appellant.*

---

[2] Jean Norris elected not to testify.

*Downes & Muir* and *J. Kevin Downes,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *James M. Doran, Deputy,* for respondent.

ANDERSEN, J.—

### FACTS OF CASE

The defendant appeals from a conviction of four felonies contending that he was twice brought to trial on the same charges in violation of the double jeopardy prohibitions of the state and federal constitutions.

The defendant was charged with and convicted of two counts of unlawfully possessing a controlled substance and two counts of unlawfully delivering a controlled substance. Each such charge constitutes a separate felony. RCW 69.50.401.

The first trial commenced on July 10, 1975. A jury was selected and at the end of the first day of trial, the State rested its case in chief. When the second day of trial was to commence, the trial judge brought to the attention of counsel that due to inadvertence the jury had not been sworn as required by law. RCW 4.44.260.

In the ensuing discussion, the defendant asserted and firmly maintained two rights. He claimed the right to proceed with the trial. He also claimed the right to have each juror questioned as to whether the juror had formed an opinion as to the defendant's guilt during the presentation of the State's case and whether the juror could still keep an open mind. After considering this matter, the trial court declared a mistrial sua sponte.

Two weeks later the defendant was brought to trial on the same charges before another jury. Following his conviction at that trial, the defendant appealed to this court.

## ISSUE

When, during the course of a trial, it was discovered that the jury had not been duly sworn, and a mistrial was declared by the court over the defendant's objection, had the defendant been placed in such jeopardy that his constitutional right against being twice put in jeopardy for the same offense barred his subsequent trial on the same charges?

## DECISION

CONCLUSION. In a jury trial of a criminal case, jeopardy does not attach until the jury has been both impaneled and sworn. Therefore, when a mistrial was declared, after it was found during the trial that the jury had not been sworn as required by law, jeopardy had not attached and another trial on the same charges was not barred.

The double jeopardy clause of the fifth amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb, . . ." That provision is made applicable to the states through the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 793, 23 L. Ed. 2d 707, 89 S. Ct. 2056 (1969). Additionally, our state constitution provides that "[n]o person shall be compelled in any criminal case to . . . be twice put in jeopardy for the same offense." Const. art. 1, § 9.

■ The purpose of the double jeopardy clause has been declared by the United States Supreme Court:

The constitutional prohibition against "double jeopardy" was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. . . . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States,* 355 U.S. 184, 187-88, 2 L. Ed. 2d

199, 78 S. Ct. 221, 61 A.L.R.2d 1119 (1957). *Accord, State v. Schoel,* 54 Wn.2d 388, 390-91, 341 P.2d 481 (1959); *State v. Waldenburg,* 9 Wn. App. 529, 532, 513 P.2d 577 (1973).

In every case where former jeopardy is pleaded, two requisites must be established to bar the prosecution. The first is that jeopardy had previously attached to the crime presently charged, and as to this, the burden is on the defendant. *State v. Ridgley,* 70 Wn.2d 555, 557, 424 P.2d 632 (1967); *State v. Williams,* 43 Wash. 505, 507, 86 P. 847 (1906). The second requirement is that the double jeopardy clause bars the retrial.

As to this second requirement, the United States Supreme Court has recognized "that a criminal trial is, even in the best of circumstances, a complicated affair to manage" and that "a mechanical rule prohibiting retrial whenever circumstances compel the discharge of a jury without the defendant's consent would be too high a price to pay for the added assurance of personal security and freedom from governmental harassment which such a mechanical rule would provide." *United States v. Jorn,* 400 U.S. 470, 479-80, 27 L. Ed. 2d 543, 91 S. Ct. 547 (1971). *Accord, State v. Bishop,* 6 Wn. App. 146, 150, 491 P.2d 1359 (1971).

Thus, even where there has been former jeopardy, a retrial is not automatically barred. The United States Supreme Court has recognized that "there are occasions when a second trial may be had although the jury impaneled for the first trial was discharged without reaching a verdict and without the defendant's consent." *Downum v. United States,* 372 U.S. 734, 735-36, 10 L. Ed. 2d 100, 83 S. Ct. 1033 (1963). As declared in another case in that court, "in cases in which a mistrial has been declared prior to verdict, the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial." *Illinois v. Somerville,* 410 U.S. 458, 467, 35 L. Ed. 2d 425, 93 S. Ct. 1066 (1973). As held in *Downum v. United States, supra* at 737, "[e]ach case must turn on its facts." That court has also noted that it "has, for

the most part, explicitly declined the invitation of litigants to formulate rules based on categories of circumstances which will permit or preclude retrial." *United States v. Jorn, supra* at 480.

The test of whether under the constitutional double jeopardy prohibitions there can be a new trial after a mistrial has been declared without the defendant's request or consent is whether "there is a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated." *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580, 6 L. Ed. 165 (1824); *United States v. Dinitz*, _____ U.S. _____, 47 L. Ed. 2d 267, 273, 96 S. Ct. 1075 (1976); *State v. Bishop, supra* at 148.

In the present case, however, we do not reach the issue of whether the defendant's prosecution was barred by the constitutional provisions under discussion. The reason for this is that in our opinion, the defendant did not establish the first requisite, that jeopardy had attached when the case first came to trial.

■ The point in the criminal proceeding at which jeopardy attaches has recently been summarized by Chief Justice Burger:

As an aid to the decision of cases in which the prohibition of the Double Jeopardy Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of "attachment of jeopardy." See *United States v. Jorn, supra,* at 480. *In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. Downum v. United States,* 372 U. S. 734 (1963); *Illinois v. Somerville,* 410 U. S. 458 (1973). In a nonjury trial, jeopardy attaches when the court begins to hear evidence. *McCarthy v. Zerbst,* 85 F. 2d 640, 642 (CA10 1936). See *Wade v. Hunter,* 336 U.S. 684, 688 (1949). The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is "put to trial before the trier of the facts, whether the trier be a jury or a judge." *United States v. Jorn, supra,* at 479. See *Kepner v. United States,* 195 U. S. 100, 128, 130-131 (1904); *United States v. Macdonald,* 207 U. S.

120, 127 (1907); *Bassing* v. *Cady*, 208 U. S. 386, 391-392 (1908); *Collins* v. *Loisel*, 262 U. S. 426, 429 (1923).

(Italics ours.) *Serfass v. United States*, 420 U.S. 377, 388, 43 L. Ed. 2d 265, 95 S. Ct. 1055 (1975).

Thus, in a jury trial, jeopardy attaches when a jury is impaneled and sworn. *Serfass v. United States, supra; State v. Ridgley, supra.* There could be no jeopardy before the jury was legally impaneled and sworn. *State v. Herold*, 68 Wash. 654, 656, 123 P. 1076 (1912).

In the present case, the jury not having been sworn prior to the mistrial being declared, jeopardy did not attach. The double jeopardy prohibition of the federal and state constitutions, therefore, did not bar the subsequent trial at which the defendant was convicted. The trial court was correct in so ruling.

Affirmed.

FARRIS and CALLOW, JJ., concur.

Petition for rehearing denied August 3, 1976.

Review denied by Supreme Court December 21, 1976.