Walter Lamar GOOLSBY, Appellee,

v.

Terrell Don HUTTO, Director of Virginia Department of Corrections, and The Attorney General of the State of Virginia, Appellants.

No. 81–6950.

United States Court of Appeals, Fourth Circuit.

Argued March 1, 1982.

Decided Oct. 22, 1982.

Robert H. Anderson, III, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., Richmond, Va., on brief), for appellants.

Thomas J. Foltz, Alexandria, Va., Charles F. Abernathy, Washington, D.C., for appellee.

Before BUTZNER and WIDENER, Circuit Judges, and POTTER, District Judge.*

WIDENER, Circuit Judge:

This case concerns the point at which jeopardy attaches in a non-jury, state misdemeanor trial. The district court granted the appellee's petition for habeas corpus relief under 28 U.S.C. § 2254 and we affirm. 529 F.Supp. 92.

The facts are not in dispute. Goolsby was arrested on August 6, 1979 and charged with a felony for possession of marijuana with intent to distribute. Several weeks later, a preliminary hearing was held in general district court for the City of Alexandria, at which time the judge determined that there was no probable cause for the felony charge. He did find probable cause for the lesser included misdemeanor of simple possession, and set a later trial date for that offense.[1] When the case came on for trial, the Commonwealth's Attorney moved for *nolle prosequi* of the misdemeanor, for the stated reason that he intended to obtain a grand jury indictment for the felony. The general district court denied the motion for *nolle prosequi* and set trial for later the same day. At trial, a different judge again

---

* Honorable Robert D. Potter, United States District Court for the Western District of North Carolina, sitting by designation.

1. Virginia has a two-tier judicial system with jurisdiction over most misdemeanors vested in general district courts and other courts not of record, while jurisdiction over felonies is vested in courts of record. Va.Code §§ 16.1–123, 17–123. General district courts have responsibility for conducting preliminary hearings for the purpose of determining whether there is sufficient cause for charging the particular offense.

Id. §§ 16.1–127, 19.2–186. If the general district court determines that there is only sufficient cause for a lesser offense over which it has jurisdiction, the court shall try the accused for that offense. Id. § 19.2–186; see *Rouzie v. Commonwealth,* 215 Va. 174, 207 S.E.2d 854 (1972). It is also important to note that prosecuting attorneys do not have full discretion to end prosecutions. Rather, it is within the court's discretion to grant *nolle prosequi* for good cause shown. Id. § 19.2–265.3.

denied a *nolle prosequi* motion, after which the Commonwealth's Attorney stated that he would present no evidence in the matter. Nevertheless, the judge called and swore in the detective who had investigated the matter and who had been subpoenaed as a defense witness. The Commonwealth's Attorney refused to ask any questions of the witness, so the judge told the witness that he was free to leave. The judge then stated that jeopardy had attached and dismissed the charge because of lack of evidence.

Notwithstanding the dismissal of the misdemeanor charge, the Commonwealth obtained an indictment on the felony charge. The petitioner was found guilty of the felony and appealed to the Virginia Supreme Court which denied review, making final the judgment of conviction. Petitioner then filed the present action in the district court, asserting that his conviction was a violation of his fifth and fourteenth amendment protections against double jeopardy.[2] The Commonwealth answered that jeopardy had not attached in the misdemeanor proceedings because there was no evidence introduced and thus the petitioner never was in danger of conviction. The court below concluded, however, that jeopardy had attached in the first proceedings and that the petitioner was in fact at risk of conviction in those proceedings. There is no dispute but that if jeopardy attached in the misdemeanor proceeding, the felony prosecution was barred by the double jeopardy clause.

The Supreme Court has not considered a case where the question presented was at which point jeopardy attaches in a bench trial in a state court. In *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), the Court considered the point at which jeopardy attaches in a state jury trial and decided that the federal standard applies to the States as well. In dicta, the Court noted: "In nonjury trials jeopardy does not attach until the first witness is sworn. *Ser-*

*fass v. United States,* 420 U.S. 377, 388 [95 S.Ct. 1055, 1062, 43 L.Ed.2d 265]." 437 U.S. at 37 n. 15, 98 S.Ct. at 2162 n. 15; accord *Willhauck v. Flanagan,* 448 U.S. 1323, 1326, 101 S.Ct. 10, 11, 65 L.Ed. 1147 (1981) (opinion in chambers per Justice Brennan).

While this statement appears to cover conclusively the present situation, the Commonwealth nevertheless argues that the statement is not supported by the *Serfass* opinion. In *Serfass* the Court said:

> In a nonjury trial, jeopardy attaches when the court begins to hear evidence. *McCarthy v. Zerbst,* 85 F.2d 640, 642 (CA 10 1936). See *Wade v. Hunter,* 336 U.S. 684, 688 [69 S.Ct. 834, 836, 93 L.Ed. 974] (1949). The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is "put to trial before the trier of facts, whether the trier be a jury or a judge." [Citations omitted]

420 U.S. at 388, 95 S.Ct. at 1062. In a decision after *Serfass,* but before *Crist,* the Court noted: "As this was a bench trial, jeopardy did not attach until the court began to hear evidence. *Serfass v. United States,* 420 U.S. 377, 388 [95 S.Ct. 1055, 1062, 43 L.Ed.2d 265] (1975)." *Lee v. United States,* 432 U.S. 23, 27 n. 3, 97 S.Ct. 2141, 2144 n. 3, 53 L.Ed.2d 80 (1975). See also *Harris v. Young,* 607 F.2d 1081, 1084 n. 3 (4th Cir. 1979), cert. denied, 444 U.S. 1025, 100 S.Ct. 688, 62 L.Ed.2d 659 (1980). Based on the language in *Serfass* and *Lee,* the Commonwealth maintains that jeopardy did not attach here because no evidence was elicited from the witness who had been sworn to testify.

We are of opinion that jeopardy attached in this case at least when the witness was sworn. We do not agree with the distinction the Commonwealth seeks to make that if the witness had testified at all, then jeopardy would have attached, but since the witness did not testify, although sworn, jeopardy did not attach.

---

**2.** Appellee also asserted in his habeas corpus petition that he was not given full *Miranda* warnings, that there was an illegal search during the arrest, and that there was insufficient evidence to convict him. The district court's disposition of those issues is not addressed on appeal, and thus we express no opinion on them.

The parties are apparently agreed, and in all events we think, that the outcome of this case must be determined by *Crist, Serfass* and *Lee.* The first of those cases was *Serfass,* in which case the district court granted the motion to dismiss the indictment because of facts obtained outside the record but before the case came on for trial. So, of course, a jury was neither impaneled nor sworn. Neither had a jury been waived for submission of the case to the court. The Supreme Court held that because the defendant had not been placed in jeopardy the government could appeal the granting of the motion to dismiss. In that context, it stated that in the case of a jury trial jeopardy attached when a jury is impaneled and sworn and that in a non-jury trial jeopardy attaches when the court begins to hear evidence. 420 U.S. at p. 388, 95 S.Ct. at p. 1062. The court cited *McCarthy v. Zerbst,* 85 F.2d 640, 642 (10th Cir. 1936), for the proposition that jeopardy attaches in a non-jury trial when the court begins to hear evidence. In the *McCarthy* case, one count of the indictment was dismissed prior to the non-jury trial, so, of course, the court had not begun to hear the evidence; neither had the first witness been sworn. So the fact situation in *McCarthy* was similar to the fact situation in the *Serfass* case, but neither took into account a case in which a witness had been called and sworn but no witness had testified. *Lee* was a case in which a motion to dismiss the indictment was made after the prosecutor's opening statement in a non-jury trial. No witness had been called, nor had the court begun to hear evidence. The trial court declined to rule on the motion but later granted it following the taking of evidence and did not rule on the guilt or innocence of the accused. The Court held that jeopardy had not attached and compared the motion to one for a mistrial. It also said that jeopardy did not attach until the court began to hear evidence, but, like *Serfass,* it did not address itself to the situation in which a witness had been called and sworn but no witness had testified. In the *Crist* case, a Montana court dismissed an indictment after the jury had been impaneled and sworn but before any witness was sworn. A Montana statute provided that jeopardy did not attach until the first witness was sworn. The court held that jeopardy attached when the jury was impaneled and sworn, and said at 437 U.S. at page 37, n. 15, 98 S.Ct. at page 2162, n. 15, that in non-jury trials jeopardy does not attach until the first witness is sworn.

Thus, we see that the statements of the Court in each of these three cases, correct as they were in the context in which they were stated, were broader than necessary for the disposition of the matter at hand, and none of them were in the context presented here. That being true, we look to the reasoning of the cases for our solution since there is no binding precedent.

> "The underlying idea [of the double jeopardy clause], one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Serfass* 420 U.S. at 387, 388, 95 S.Ct. at 1061, 1062.

> "The Court has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.'"

*Serfass* 420 U.S. at p. 388, 95 S.Ct. at p. 1062.

Applying those principles to this case, we think the Commonwealth is attempting to do what the double jeopardy clause is designed to prevent; it is making repeated attempts to convict Goolsby. It is attempting to circumvent the Virginia statute which gives the court discretionary power to grant a motion for *nolle prosequi,* and because it does not agree with the Virginia court's disposition of the case, it has elected

to subject Goolsby to another trial by further indictment.

We also believe that Goolsby was put to trial before the trier of facts. When the general district court denied the motion for *nolle prosequi,* set the case for trial, and called and swore the first witness, Goolsby was then subjected either to conviction or acquittal. The fact that the witness gave no evidence required the acquittal of Goolsby by the general district court, just as his conviction would have been required had the witness given evidence sufficient to sustain his guilt.

Since Goolsby was "put to trial before the trier of facts," we think it is reasonable to say that jeopardy attached when "the first witness . . . [was] sworn," *Crist,* 437 U.S. at 37 n. 15, 98 S.Ct. at 2162 n. 15, which was the point at which "the court began to hear evidence," *Serfass,* 420 U.S. at p. 388, 95 S.Ct. at p. 1062. Whether or not the witness in fact testified, we think is immaterial, for when the witness was sworn, we think the court began to hear the evidence, and we so hold.[3]

The judgment of the district court is accordingly

AFFIRMED.

---

**3.** The Commonwealth argues that jeopardy had not attached under Virginia law, citing cases it says support that proposition. The argument goes that if jeopardy had not attached under Virginia law, under which law of course Goolsby was convicted, he was not in jeopardy at all, and the federal standard would make no difference. The Supreme Court has decided this point contrary to the position of the Commonwealth. In *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), Bretz was charged with a felony and tried in a Montana court. A statute of that State provided that jeopardy did not attach until the first witness was sworn. Following the impaneling and swearing of the jury, but before the first witness was sworn, the case was dismissed at the instance of the State, for the purpose of another prosecution, because of the refusal of the trial court to permit, and the Montana Supreme Court to require, an amendment to the indictment. The Supreme Court held that jeopardy attached when the jury was impaneled and sworn and that such was a constitutional mandate. Thus, the fact that the defendant had not been in jeopardy under Montana law was held not to be controlling and the prosecution was barred. *Crist* thus disposes of that argument of the Commonwealth.

In this same connection, we note that both federal and Virginia double jeopardy clauses were presented to the Virginia Supreme Court which denied the petition for appeal without opinion. The law of the case, then, is that jeopardy had not attached under either provision so far as the Virginia disposition goes.